■ LISA BASILE, an Infant, by Her Father and Natural Guardian, RENATO BASILE, et al., Appellants, v. HUNTINGTON UTILITIES FUEL CORP., Respondent, et al., Defendant.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered August 31, 1973, in favor of defendant Huntington Utilities

Fuel Corp. upon the trial court's dismissal of the complaint as against said defendant at the conclusion of a jury trial on the issue of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Defendant Albert Mulry, an employee of respondent, Huntington Utilities Fuel Corp., used the latter's truck during a weekend (when he was not scheduled to work) in responding to a request by a fellow employee (Tom Kenny) to help him in fixing an oil burner in his house. The truck was needed for the equipment on it. On the way home Mulry was involved in a collision with another car, injuring plaintiffs. At the trial, a prima facie case to the effect that Mulry was engaged in respondent's service was made out merely on proof of respondent's ownership of the truck (*Norris* v. *Kohler,* 41 N. Y. 42, 44; Vehicle and Traffic Law, § 388, subd. 1). Two of the principals of the respondent corporation and one of its employees testified that Mulry had been given specific instructions to take the truck to his home for weekends, to park it and to bring it to work with him on Mondays. He was not to use it over the weekend and especially not for personal business — although there was some indication in the record that employees were required to work in emergencies on weekends and for that reason were permitted to take the trucks home. Respondent's employee testified that Tom Kenny was not a customer of respondent or its subsidiary. (Respondent was in the business of oil delivery and burner service.) A statement of Mulry's which was read into the record without objection revealed that Mulry always drove the company truck home and there was no indication in the statement that he was under any restriction as to weekend use. Neither Mulry nor his coemployee Kenny testified at the trial. On this record the presumption arising from the fact that Mulry was engaged in respondent's service, or was using the truck with respondent's implied permission, was not conclusively rebutted by the aforementioned testimony to the contrary. Indeed a jury could reasonably have found, *inter alia,* that Mulry was acting within the scope of his employment or had implied authority to assist a coemployee in an emergency situation involving a malfunctioning oil burner in the coemployee's house. Accordingly, the trial court erred in not submitting the case to the jury (see *Ferris* v. *Sterling,* 214 N. Y. 249). Hopkins, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.