■ BOBBIE J. SAMUELS et al., Appellants, v HERTZ TRUCK RENTAL, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of Supreme Court, Kings County, entered February 14, 1973, in favor of defendant, upon the trial court's dismissal of the complaint after plaintiff's opening statement and offer of proof, upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal presented no questions of fact. A question of fact exists as to whether the driver of the rental vehicle had implied permission from his employer and from the defendant rental agency to be driving the truck for nonbusiness purposes outside business hours at the time when the accident occurred (cf. *Basile v Huntington Utilities Fuel Corp.*, 47 AD2d 625). If there was such implied permission, section 388 of the Vehicle and Traffic Law imposes liability upon defendant. We do not now reach the question whether the provision in defendant's rental agreement limiting the use of rental vehicles to business hours and business purposes is invalid per se and therefore unenforceable as violative of public policy (cf. *MVAIC v Continental Nat. Amer. Group Co.*, 35 NY2d 260). Martuscello, Christ and Shapiro, JJ., concur; Rabin, Acting P. J., and Munder, J., dissent and vote to affirm.