■ LISA BASILE, an Infant, by Her Father and Natural Guardian, RENATO BASILE, Plaintiff, and RENATO BASILE et al., Appellants, v HUNTING-

TON UTILITIES FUEL CORP., Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., plaintiffs Renato and Phyllis Basile appeal from a judgment of the Supreme Court, Nassau County, entered April 5, 1976, which is in favor of defendant Huntington Utilities Fuel Corp. and against them, upon a jury verdict, following a trial limited to the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact have been considered. This was the second trial of this negligence action. At the close of the first trial, the trial court dismissed the complaint as against the defendant-respondent Huntington Utilities Fuel Corp. This court reversed the judgment entered thereon on the ground that the presumption that the defendant driver, Mulry, had permission of respondent, his employer and owner of the vehicle, to drive it at the time of the accident (a Sunday afternoon) was not rebutted as a matter of law but, on the evidence, presented a question of fact for the jury (*Basile v Huntington Utilities Fuel Corp.*, 47 AD2d 625). At this trial, plaintiffs sought to introduce into evidence, on the issue of liability, Mulry's conviction, upon his guilty plea, of the misdemeanor of reckless driving (see Vehicle and Traffic Law, § 1190). The trial court refused to admit proof of the conviction on the ground that the employee's admission of negligence, made some months after the event and after he had been discharged by respondent, could not be binding on respondent. Mulry did not appear at the second trial. The refusal to admit the record of conviction into evidence was error. The record of conviction of the misdemeanor of reckless driving, based upon Mulry's plea of guilty, was admissible as a declaration against penal interest. Unlike an admission, which may be used only against the party who made it or against his privies in interest, a declaration against interest may be introduced in evidence "by or against any one" (see Richardson, Evidence [Prince, 10th ed], § 211 [hereafter Richardson]). A declaration against interest may be received if four conditions are satisfied: (1) the declarant is unavailable; (2) the declaration when made was against the pecuniary, proprietary or penal interest of the declarant; (3) the declarant had competent knowledge of the facts; and (4) there was no probable motive to misrepresent the facts (Richardson, § 257). In the instant case, all the requisite conditions were met. The conviction would not be conclusive on the issues of appellants' contributory negligence or of permission to operate the vehicle, and the jury should be so instructed. Appellants were entitled, however, to have it considered by the jury on the issue of the driver's negligence, which would be imputed to the owner of the vehicle if there had been permission to use it (see Vehicle and Traffic Law, § 388). We note that only the record of conviction is admissible and not the information supplied by Renato Basile to the District Court. That information was not a declaration by the defaulting defendant Mulry and may *not*, therefore, be considered "collateral facts" incidental to the declaration and "so closely connected with the declaration against [penal] interest as to be equally trustworthy" (see Model Code of Evidence, rule 509, subd [2], as quoted in Richardson, § 264). In the light of our determination, we do not reach appellants' other contentions. Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.