■ THEA SIMON et al., Respondents, v EL SERVICE CORP. et al., Appellants, and LOUIS PABON, Respondent. (Action No. 1.) NATASHA WILLIAMS, an Infant, by NADJI WILLIAMS, Her Mother and Natural Guardian, et al., Respondents, v EL SERVICE CORP. et al., Appellants, and LOUIS PABON, Respondent, et al., Defendant. (Action No. 1A.) DOROTHY CHISM, Respondent, v EL SERVICE CORP. et al., Appellants, and LOUIS PABON, Respondent, et al., Defendant. (Action No. 2.) — Judgment, Supreme Court, Bronx County (Di Fede, J.), entered June 5, 1981, unanimously modified, on the law, without costs, to the extent of vacating the first decretal paragraph thereof and directing a new trial on the issue of appellants' liability, and the judgment is otherwise affirmed. At issue on this appeal is the propriety of the trial court's grant of a directed verdict in plaintiffs' favor on the issue of liability against the owner, El Service Corp., and the lessee, Pablo Rios, of the vehicle involved in the subject accident. The facts concerning this action are not disputed. El Service had regularly leased the vehicle, a taxi, to Rios. It had been the practice of Rios to divide the 12-hour rental periods into two shifts, with his friend Louis Pabon. However, approximately a month before the instant accident, Pabon sustained a broken leg and, on the date of the accident, was ambulating only by virtue of the use of crutches and was bearing a full leg cast extending from his toes to his upper thigh. That day, Rios drove Pabon to the hospital and then to the latter's apartment. A third adult joined Pabon in the rear seat of the vehicle. The trio was listening to the car radio. When they reached Pabon's apartment, no curbside parking was available. Rios double-parked, turned off the motor, but left the keys in the ignition so that his companions could continue to listen to the radio while he went upstairs in order to retrieve a tape player from Pabon's apartment. For some reason not brought out by the evidence at trial, the third-party passenger exited the car, Pabon entered the front seat of the vehicle, started the motor and drove off with the car. Very shortly thereafter he lost control of the vehicle. It may be that on these facts a jury could properly have determined that Pabon operated the vehicle with the implied permission of its owner, El Service Corp. However, we can discern no basis to remove this case from the consideration of the jury. Defendants-appellants' case, establishing that Pabon was disabled, sitting in the rear of the car, listening to the car radio, while Rios briefly left the car in order to retrieve his tape player, provided substantial evidence tending to rebut the presumption of permissive use and created a genuine factual issue as to whether Pabon had implied permission to operate the vehicle at this time (see *Samuels v Hertz Truck Rental,* 48 AD2d 936; *Payne v Payne,* 28 NY2d 399, 406). Irrespective of the issue of permissive use, we see no basis to impose upon Rios vicarious liability under section 388 of the Vehicle and Traffic Law based solely upon Pabon's act of negligence. Rios was, at most, a lessee of the vehicle for periods of 12 hours. A lessee is not deemed an owner for purposes of section 388 of the Vehicle and Traffic Law unless he has exclusive use of the vehicle for a period greater than 30 days (Vehicle and Traffic Law, § 128). Rios' liability, if any, must be established on the basis of the negligence of his own action, an issue which the trial court did not rule upon and one which is surely of a factual nature for a jury to determine. Finally, a directed verdict for plaintiffs cannot be sustained on the basis of defendants' violation of section 1210 of the Vehicle and Traffic Law in Rios' act of leaving the keys in an unattended car. We note that the trial court did not accept this ground of plaintiffs' motion. Plaintiffs did not

establish the vehicle was "unattended" inasmuch as an able-bodied adult, other than Pabon and Rios, remained in the car at the time of Rios' departure. Nor can it be said that plaintiffs conclusively established the causal relationship between the violation of the statute and the accident. Concur — Kupferman, J. P., Birns, Ross, Silverman and Fein, JJ.