■ SCOTT CARPENTER, Respondent, v PATRICIA R. MILLER, Defendant and Third-Party Plaintiff-Appellant. SEAN CONNOLLY et al., Third-Party Defendants-Appellants.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered February 24, 1986 in Rensselaer County, which, *inter alia,* denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff and third-party defendant Sean Connolly were both employed as gas pump attendants at third-party defendant's Hugh Morgan's automobile service station. Defendant drove her automobile into the station, pulling up to the only pump island behind another vehicle into which plaintiff was pumping gasoline. Defendant, a regular customer, disembarked from her automobile, leaving the engine running and the door open, and walked into the service station to speak with Morgan. Connolly then entered defendant's vehicle to move it

forward so that the gas tank was within reach of the pump hose. Connolly testified in an examination before trial that he did not depress the accelerator, but the car moved forward suddenly, striking plaintiff and inflicting serious personal injuries. Plaintiff sued defendant alleging negligence. Defendant subsequently commenced the third-party action against Morgan and Connolly. Following completion of discovery, defendant made the instant motion pursuant to CPLR 3211 and 3212 contending that no factual issues exist which require a trial and that the complaint fails to state a cause of action against her. Special Term denied the motion, holding that the existence of triable factual issues precluded such relief. This appeal ensued.

In our view, Special Term correctly denied defendant's motion. Our initial query is whether plaintiff's complaint states a cause of action. The complaint alleges that the accident and injuries were caused solely by the negligence of defendant, which the bill of particulars stated were attributed to, *inter alia,* defendant's exiting the vehicle with the engine running and stopping the vehicle too close to the other car. On a CPLR 3211 (a) (7) motion to dismiss, it is well recognized that we accept the allegations of negligence without expressing our opinion as to plaintiff's ability to ultimately establish the truth of the contentions before a jury *(see, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509). If we find any reasonable view of facts to support plaintiff's recovery, our inquiry is complete and the complaint must be sustained *(see, supra; see also, MacDonald v Howard,* 91 AD2d 1119, 1120). Under this liberalized standard, we agree with Special Term that the pleadings set forth a cause of action in negligence *(see,* Siegel, NY Prac § 265, at 325).

We reach a similar conclusion with respect to defendant's CPLR 3212 motion for summary judgment. The affidavits and testimony reveal significant differences as to whether defendant placed the car in parking gear or neutral and how far behind the other vehicle defendant's car was located when she got out and went into the building. Moreover, Connolly's explanation that the vehicle spontaneously shot forward raises the spectre of a mechanical problem. These factual issues must be resolved at trial before it is possible to determine whether defendant breached any duty owed to plaintiff and whether that breach was the proximate cause of plaintiff's injuries *(see, Havas v Victory Paper Stock Co.,* 49 NY2d 381). Thus, Special Term correctly assessed the existence of factual

issues requiring disposition by trial *(see, Andre v Pomeroy,* 35 NY2d 361).

The remaining arguments are without merit. Workers' Compensation Law § 29 (6), which precludes suit against a fellow employee based on his negligence, is not a bar to an action against a third-party owner based upon that third-party owner's negligence toward the injured employee *(see, Samba v Delligard,* 116 AD2d 563, 564). Here, plaintiff has sued defendant upon her own negligence rather than her vicarious liability as the owner of a vehicle operated by plaintiff's coemployee, Connolly. Therefore, Workers' Compensation Law § 29 is no bar. Finally, although not reached by Special Term, we agree with the contention by Connolly and Morgan that Vehicle and Traffic Law § 1210 (a) is not applicable. Even though defendant left the keys in the car, the statute applies only to cars left unattended in that condition on highways, private roads and parking lots *(see, Berk v Hill,* 126 AD2d 920). Here, since Connolly was nearby waiting to fill the gasoline tank for defendant, the car was not unattended within the meaning of the statute *(see, Simon v El Serv. Corp.,* 85 AD2d 556).

Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.