■ In the Matter of the Arbitration between HARTFORD INSURANCE COMPANY, Appellant, and DONNA AQUAVIVA et al., Respondents.

Petitioner insurer's application to stay arbitration of an uninsured motorist claim was denied on the ground that respondent insurer could disclaim coverage of the offending vehicle, it having been stolen at the time of the accident. On appeal, petitioner argues that respondent insurer's duty to defend includes issues of the operator's negligence, since respondent owner of the offending vehicle left it unattended in violation of Vehicle and Traffic Law § 1210 (a) (citing *General Acc. Group v Noonan,* 66 Misc 2d 528; *Howard v Kiskiel,* 152 AD2d 950). Since petitioner did not assert this theory at trial, it is precluded from doing so on appeal *(Szigyarto v Szigyarto,* 64 NY2d 275, 280), but, even if we were to consider the argument, we would find it to be without merit. The statute in question prohibits a motorist from leaving a motor vehicle unattended "without first stopping the engine, locking the ignition, [and] removing the key from the vehicle". However, a car is not "unattended" within the meaning of the statute, as the trial court found, if the driver has left an "able-bodied adult" remaining in the car at the time of the driver's departure *(Simon v El Serv. Corp.,* 85 AD2d 556, 557). Since an acquaintance of respondent owner of the offending vehicle remained in the car after the latter departed, the car was not

left unattended within the meaning of the statute. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.