■ In the Matter of the Arbitration between AMERICAN TRANSIT INSURANCE COMPANY, Appellant, and DOMINGO BAEZ et al., Respondents. [717 NYS2d 169] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered September 9, 1999, denying petitioner's application for a permanent stay of arbitration of respondent Baez's claim for uninsured motorist benefits, unanimously affirmed, with costs.

At common law, the owner of an automobile who leaves her keys in her car is not liable for the negligence of a thief (*see, Phifer v State of New York*, 204 AD2d 612; *Epstein v Mediterranean Motors*, 109 AD2d 340, 343, *affd* 66 NY2d 1018), and there is no demonstration that respondent owner Pauline Louzar left her vehicle "unattended" within the meaning of Vehicle and Traffic Law § 1210 (a) on the occasion of its theft. Rather, she left the vehicle with her husband, who, at the time was seated in the right front passenger seat. Then her husband momentarily stepped away from the vehicle to prepay the pump attendant for refueling, at which time her car was stolen (*see, Matter of Hartford Ins. Co. v Aquaviva*, 179 AD2d 546; *Simon v El Serv. Corp.*, 85 AD2d 556). Accordingly, the owner's li-

ability coverage, issued by respondent Travelers Insurance Company, may not be reached in satisfaction of respondent Baez's claim stemming from Baez's collision with the stolen vehicle, and the arbitration of such claim pursuant to the uninsured motorist indorsement of his policy with petitioner insurer was properly permitted to proceed. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.