■ MARY J. BURKE, Appellant, v CITY OF NEW YORK et al., Defendants, and EUGENE HURKIN, Respondent. [720 NYS2d 25] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about November 4, 1999, which granted the motion of defendant Eugene Hurkin for summary judgment dismissing the complaint and all cross claims as against him, and order, same court and Justice, entered August 2, 2000, which, to the extent appealable, denied plaintiff's motion for renewal, unanimously affirmed, without costs.

Defendant Hurkin's vehicle was stolen and thereafter became involved in a series of collisions resulting in plaintiff's injury. Although plaintiff maintains otherwise, it is plain that, at the time of its theft, there was an able-bodied adult within the Hurkin vehicle and, accordingly, the vehicle had not been left unattended within the meaning of Vehicle and Traffic Law § 1210 (a) (*see, Matter of Hartford Ins. Co. [Aquaviva]*, 179 AD2d 546). Plaintiff's alternative claim that defendant Hurkin may be held liable under a common-law negligence theory must also fail, since, at common law, the owner of a stolen vehicle is not liable for the negligence of its thief (*American Tr. Ins. Co. v Baez*, 278 AD2d 45). Renewal was properly denied since the purportedly new material offered in support of plaintiff's motion was available at the time of the original motion and, in any event, does not warrant a different disposition. Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.