■ Luis Franco et al., Respondents, v Sean P. Carriel et al., Appellants, et al., Defendant. [874 NYS2d 559]—

In an action to recover damages for personal injuries, the defendants Sean P. Carriel and Jacquelin C. Lopez appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered October 1, 2007, as, in effect, denied that branch of their motion which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against the defendant Jacquelin C. Lopez on the ground that it is barred by the exclusivity provisions of the Workers' Compensation Law.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 26, 2004, the plaintiffs were passengers in a van owned by the defendant Jacquelin C. Lopez and driven by their coworker, the defendant Sean P. Carriel. The plaintiffs allegedly were injured when, after a tire on the van blew out, the van struck a guardrail, and was then struck by a car driven by the defendant Allen Parrish.

After the accident, the plaintiffs sought, and were awarded,

Workers' Compensation benefits. In addition, alleging that they were injured as a result of the defendants' negligence, the plaintiffs commenced the instant personal injury action against the defendants.

On their motion to dismiss, the appellants established that Lopez cannot be held vicariously liable for Carriel's alleged negligence with respect to the operation of the van (*see Rauch v Jones,* 4 NY2d 592 [1958]). However, under the circumstances, as it is not clear what Lopez's relationship is to the plaintiffs' employer, it is possible that she could be held liable for negligent acts or omissions in connection with the maintenance of the van (*cf. Carpenter v Miller,* 132 AD2d 859, 861 [1987]; *Samba v Delligard,* 116 AD2d 563, 564 [1986]). Thus, the appellants failed to demonstrate that the exclusivity provisions of the Workers' Compensation Law provided Lopez with a complete defense. Accordingly, the Supreme Court properly, in effect, denied that branch of the motion which was to dismiss the complaint insofar as asserted against Lopez on the ground that it was barred by the exclusivity provisions of the Workers' Compensation Law.

The appellants' remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Dickerson, JJ., concur.