Caminiti v Extell W. 57th St. LLC (2018 NY Slip Op 07667)





Caminiti v Extell W. 57th St. LLC


2018 NY Slip Op 07667


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7591 150298/13

[*1]Maria Caminiti, as Administratrix of the Estate of Pasquale Caminiti, etc., Plaintiff-Respondent,
v
Extell West 57th Street LLC, et al., Defendants-Appellants.


Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York (Joel M. Maxwell of counsel), for appellants.
Fortunato & Fortunato, PLLC, Brooklyn (Louis A. Badolato of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 6, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the Labor Law § 240(1) claim, and denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, and grant defendants' motion for summary judgment dismissing so much of the Labor Law § 241(6) claim as based on alleged violations of Industrial Code §§ 23-1.2, -1.5, -1.16, -1.17, -1.30, -1.31, -2.1, and -2.4, and otherwise affirmed, without costs.
The court properly found that plaintiff's testimony about her now-deceased husband's statement regarding his accident is admissible as a declaration against interest (see generally Basile v Huntington Util. Fuel Corp., 60 AD2d 616, 617 [2d Dept 1977]; Guide to NY Evid rule 8.11, Statement Against Penal or Pecuniary Interest, www.nycourts.gov/judges/evidence/8-HEARSAY/8.11). Decedent's statement that he should have known better than to use the ladder as he did, established that he knew his statement was against his interest. Although the statement was uncorroborated, it had sufficient indicia of reliability, in that the experienced, 52-year-old electrician described his accident to his wife alone in an emergency room while awaiting surgery, in the absence of any coercion or attempt to shift blame away from himself (cf. Nucci v Proper, 95 NY2d 597, 602 [2001]). Accordingly, we decline to reach plaintiff's alternative arguments as to the statement's admissibility.
Plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the Labor Law § 240(1) claim by presenting decedent's statement that he was working on a ladder when it started to move, and when he tried to stabilize the ladder, it tipped and struck him in the chest (see Rom v Eurostruct, Inc., 158 AD3d 570 [1st Dept 2018]). Plaintiff was not "required to present further evidence that the ladder was defective" (Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
However, defendants raised triable issues of fact as to whether decedent's injuries were caused by an accident involving a ladder. Two accident reports set forth his alleged statement that he was working on the ladder when he started feeling chest pains and his legs became "unsteady" or "wobbly." Moreover, decedent's coworker, who was working in the same apartment unit separated from decedent by a concrete wall but went over to decedent's area, not in response to any commotion but for routine purposes, saw that the ladder was in the upright position about 10 feet away from decedent when he expressed that he was suffering from chest pains (cf. Lipari v AT Spring, LLC, 92 AD3d 502 [1st Dept 2012]). Although decedent was disoriented and unable to answer basic questions at some points, he eventually became alert while in the hospital, yet his medical records do not refer to any ladder accident.
Contrary to plaintiff's assertion, defendants preserved their arguments about triable issues [*2]of fact by asserting them in their memorandum of law in opposition to plaintiff's partial summary judgment motion. However, defendants failed to preserve their argument that even if plaintiff was injured by the ladder, his conduct was the sole proximate cause of his injuries, and we decline to review this fact-sensitive argument in the interest of justice.
The court should have dismissed the Labor Law § 241(6) claim insofar as predicated on Industrial Code §§ 23-1.2, -1.5, -1.16, -1.17, -1.30, -1.31, -2.1, and -2.4, which were abandoned "since plaintiff failed to specify any particular subsection(s) and subdivision(s) of these provisions" (McLean v Tishman Constr. Corp., 144 AD3d 534, 535 [1st Dept 2016]).
Defendants' remaining arguments concerning the common-law negligence and Labor Law §§ 200 and 241(6) claims are unpreserved, and we decline to review them, since their resolution involves facts relevant to issues not brought to plaintiff's attention below, and they are not purely legal arguments that are clear from the face of the record (see Bonaerge v Leighton House Condominium, 134 AD3d 648, 648 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK