OPINION OF THE COURT
 

 Smith, J.
 

 Plaintiff, Marianne Hassan, was employed by Hendel Products, Inc. Pursuant to that employment, Hendel provided her with a company vehicle, leased from First Union Auto Finance, Inc., for business and personal use. Plaintiff used the vehicle for approximately two years prior to the accident that gives rise to this lawsuit.
 

 On May 25, 1997, plaintiff was a passenger in the vehicle which was driven by her husband. Hendel and First Auto do not dispute that plaintiff’s husband had their permission to drive the car. While he was driving, the car collided with a truck at an intersection in Merrick, New York. Plaintiff’s husband was killed and plaintiff was severely injured.
 

 Plaintiff brought an action pursuant to Vehicle and Traffic Law § 388 against First Union and Hendel as owners of the vehicle in which she was a passenger.
 
 *
 
 Hendel and First Union moved for summary judgment, asserting that plaintiff as a co-owner of the vehicle was ineligible to collect damages from them. Supreme Court denied the motion. A divided Appellate Division modified the trial court’s order and granted summary judgment in favor of both Hendel and First Union, concluding that plaintiff was a statutory owner of the vehicle due to her exclusive possession of the car for two years, and that, as such, she could not maintain an action against co-owners under Vehicle and Traffic Law § 388. We granted leave and now reverse.
 

 
 *353
 
 Vehicle and Traffic Law § 388 provides:
 

 “Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”
 

 Under Vehicle and Traffic Law § 128, the applicable definition of “owner” includes “any lessee or bailee of a motor vehicle or vessel having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days.”
 

 Vehicle and Traffic Law § 388 was enacted to “ensure access by injured persons to
 
 ‘a
 
 financially responsible [party] against whom to recover for injuries’ ” and “to change th[e] common-law rule and to impose liability upon the owner of a vehicle ‘for the negligence of a person legally operating the car with the permission, express or implied, of the owner’ * * *”
 
 (Morris v Snappy Car Rental,
 
 84 NY2d 21, 27 [1994] [citation omitted]).
 

 Assuming without deciding that plaintiff is a statutory owner, we hold that she is not precluded from bringing a section 388 claim against other statutory owners. Focusing on the language of the statute, there is no limitation of the class of possible plaintiffs to nonowners. The statute simply says “[e]very owner” shall be liable for injuries “to person or property” resulting from the negligence of any person using the vehicle with the permission of such owner. Defendants Hendel and First Union are owners who do not dispute that they permitted the person whose alleged negligence caused plaintiff’s injury to drive their vehicle. Thus, regardless of whether plaintiff is also an "owner,” the fact that her husband operated the vehicle with the consent of Hendel and First Union is sufficient to bring her within the protection of the statute.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the motion by the defendant First Union Auto Finance, Inc. for summary judgment denied, that branch of the motion of the defendant Hendel Products, Inc. for summary judgment dismissing the complaint denied and the certified question answered in the negative.
 

 
 *354
 
 Chief Judge Kaye and Judges Ciparick, Wesley, Rosenblatt, Graffeo and Read concur.
 

 Order, insofar as appealed from, reversed, etc.
 

 *
 

 Plaintiff also brought suit against the driver of the truck, alleging that he was intoxicated at the time of the accident, against the bar that served him, and against two property owners and their landscaper, claiming that their hedges obscured the view of the operators of the vehicles involved in the accident.