[830 NE2d 1127, 797 NYS2d 799]

SVETLANA TIKHONOVA, Respondent, v FORD MOTOR COMPANY et al., Appellants, et al., Defendants.

Argued March 22, 2005; decided May 5, 2005

## POINTS OF COUNSEL

*Nixon Peabody LLP,* Garden City (*Frank L. Amoroso, Joseph J. Ortego* and *Santo Borruso* of counsel), for appellants. I. Since a mandatory liability insurance requirement was imposed when diplomatic immunity was enacted, there is no justification for imposing vicarious liability under Vehicle and Traffic Law § 388 on the lessor of a motor vehicle driven by a diplomat. (*Fried v Seippel,* 80 NY2d 32; *Windsor v State Farm Ins. Co.,* 509 F Supp 342; *Kenny v Bacolo,* 61 NY2d 642; *Finkel v Blair & Co.,* 213 AD2d 588; *Mowczan v Bacon,* 92 NY2d 281.) II. Since the Appellate Division's reversal of the trial court's order of dismissal conflicts with existing authority of this Court, and the Second and Fourth Departments, as well as the lower courts, the order appealed should be reversed. (*Naso v Lafata,* 4 NY2d 585; *Rauch v Jones,* 4 NY2d 592; *Rodriguez v Lodato Rental,* 267 AD2d 293; *Jaglall v Supreme Petroleum Co. of N.J.,* 185 AD2d 971; *Ulysse v Nelsk Taxi,* 135 AD2d 528, 73 NY2d 702; *Trizzino v Mildank Taxi Corp.,* 128 AD2d 607; *Samba v Delligard,* 116 AD2d 563; *Sikora v Keillor,* 17 AD2d 6, 13 NY2d 610; *Nelson v Garcia,* 152 AD2d 22; *Padlo v Spoor,* 90 Misc 2d 1002, 72 AD2d 665.)

*Pollack, Pollack, Isaac & De Cicco,* New York City (*Brian J. Isaac* of counsel), and *Sherman & Basichas LLP* (*Alyssa Lebensohn* and *Mark Basichas* of counsel), for respondent. The Appellate Division majority rightly upheld plaintiff's right to sue Ford Motor Company, which was vicariously liable for Alexey Konovalov's negligence under the Vehicle and Traffic Law, as the decision did not permit avoidance of a direct action statute or conflict with any public policy; Ford, according to this record, charged the Russian mission its normal rate, and is not entitled to a special benefit; upholding plaintiff's right of action comported with the strong public policy of ensuring that those injured in automobile accidents have access to adequate and fair compensation from a responsible party. (*Plath v Justus,* 28 NY2d

16; *Rolfe v Hewitt,* 227 NY 486; *Morris v Snappy Car Rental,* 84 NY2d 21; *Mills v Gabriel,* 259 App Div 60; *Plaumbo v Ryan,* 213 App Div 517; *Motor Veh. Acc. Indem. Corp. v Continental Natl. Am. Group Co.,* 35 NY2d 260; *Fried v Seippel,* 80 NY2d 32; *Continental Auto Lease Corp. v Campbell,* 19 NY2d 350; *Murdza v Zimmerman,* 99 NY2d 375; *Reich v Manhattan Boiler & Equip. Corp.,* 91 NY2d 772.)

## OPINION OF THE COURT

ROSENBLATT, J.

On this appeal two statutes intersect: on the one hand, vehicle owners are vicariously liable for the negligence of those whom they allow to drive their vehicles (Vehicle and Traffic Law § 388). On the other, a diplomat who drives a vehicle negligently is immune from suit (22 USC § 254d). The question before us is whether a vehicle owner is vicariously liable for the negligence of a diplomat, himself immune from suit. Put differently, when these two statutes go head to head, does the driver's immunity extinguish the vicarious liability of the owner?

At issue is the scope of 28 USC § 1364. That statute is part of the Diplomatic Relations Act, which requires members of a diplomatic mission to secure automobile liability insurance and gives injured persons the right to sue the wrongdoers' insurance carriers in federal court. We must decide whether 28 USC § 1364 is an exclusive remedy that bars the action before us.

We hold that the driver's immunity does not shield the owner. Moreover, because 28 USC § 1364 does not provide an exclusive remedy, the suit before us is tenable.

Alexey Konovalov, a Russian diplomat driving in New York City, rear-ended another car. Konovalov's passenger, plaintiff here, was seriously injured and sued Konovalov and Ford, the car's owner.[1] Supreme Court dismissed the suit against Konovalov owing to his diplomatic immunity. By way of affirmative defense, Ford asserted that given the driver's immunity it could not be held vicariously liable. Plaintiff moved for summary judgment against Ford, which cross-moved to dismiss. Supreme Court agreed with Ford, concluding that the company could not be held vicariously liable, and further, that 28 USC § 1364 relegated plaintiff to a federal court action against Konovalov's insurance carrier.

---

**1.** Ford Motor Credit Company owned the car; Ford Motor Company was the lessor, pursuant to a long-term lease with the Russian mission. For convenience, and because the defendants are jointly and severally liable if they are liable at all, we refer to both companies jointly as Ford.

The Appellate Division reversed and reinstated the complaint against Ford (10 AD3d 185 [1st Dept 2004]). We affirm.

Under the Diplomatic Relations Act (22 USC § 254a *et seq.*) an action against an individual entitled to immunity must be dismissed where immunity is established "upon motion or suggestion by or on behalf of the individual" (22 USC § 254d).[2] Konovalov's diplomatic immunity is conceded.

In pertinent part, section 388 of the Vehicle and Traffic Law provides that:

> "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner" (§ 388 [1]).

In 1924, the Legislature enacted Highway Law § 282-e, the predecessor to section 388. In the 80 years since then, the Legislature has amended or consolidated the section 14 times, but never once has it retreated from its intention to assure injured plaintiffs that there will be a financially responsible party to provide compensation for negligent driving.

In arguing against liability, Ford asserts that, in other contexts, this Court has declined to impose derivative liability where the tortfeasor enjoys immunity. In *Naso v Lafata* (4 NY2d 585, 589 [1958]), we explained that a worker injured in a car driven negligently by a coemployee (and in the course of their employment) may not resort to the Vehicle and Traffic Law for a cause of action against the car's owner. The Workers' Compensation Law, we held, offers the only remedy for injuries caused by the coemployee's negligence. This conclusion flowed directly from the statutory language in what was then Workmen's Compensation Law § 29 (6), which stated that "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ" (quoted in *Naso*, 4 NY2d at 589 [emphasis omitted]). Similarly, in the companion case of *Rauch v Jones* (4 NY2d

---

**2.** See generally Sean D. Murphy, *Contemporary Practice of the United States Relating to International Law*, 95 Am J Int'l L 873 (2001). Article 31 of the Vienna Convention on Diplomatic Relations, April 18, 1961 (23 UST 3227, 3240-3241, 500 UNTS 96, 112) forecloses suit against certain foreign agents in American courts.

592, 596 [1958]), we confirmed that the statute prohibits any remedy but that provided by the Workers' Compensation Law.

Contrary to Ford's assertion, the basis for these decisions was not that derivative liability could never derive from an immune party's negligence. Rather, both decisions rest on the statutory language making plain that in the special context of workers' compensation, the system of remedies provided by the Workers' Compensation Law supplants all other statutory or common-law causes of action. The federal statute providing diplomats' tort victims with a direct action against the diplomats' insurance carriers contains nothing like the "exclusive remedy" clause specified in the Workers' Compensation Law (*see* 28 USC § 1364).

Ford also argues that our precedents denying the liability of owners of cars lent to emergency workers should apply here. In *Sikora v Keillor* (13 NY2d 610 [1963], *affg* 17 AD2d 6, 8 [2d Dept 1962]), we affirmed, without opinion, the Appellate Division's determination that no liability attaches to a vehicle owner where the negligent driver (a volunteer firefighter) was immune from suit under General Municipal Law § 205-b. That case does not govern the appeal before us. The Appellate Division reasoned that the owner's vicarious liability could derive only from a finding of liability against the driver. On policy grounds, a contrary result would have discouraged volunteers from responding to emergencies by reducing the number of people willing to lend vehicles to those volunteers. By interpreting section 388 as we did, the Court stood behind the strong policy interest in protecting those who aid emergency workers. That result, however, is not compelled in every instance in which the vehicle's operator benefits from some immunity. We do not see a strong state policy in favor of renting cars to diplomats.

Moreover, a finding that the owner was not liable did not leave the injured party without the opportunity to seek full compensation, because General Municipal Law § 205-b holds the fire district liable for the negligence of its volunteer firefighters. Here, by contrast, the Russian mission's insurance, although greater than the state minimum, would likely not be enough to compensate the victim in full.

Ford would have us interpret section 388 to necessarily absolve the owner of liability whenever the driver cannot be held liable. The statute, however, is not written that way. It hinges the owner's liability not on the driver's liability but on the driver's negligence.

As a final argument, Ford maintains that 28 USC § 1364 bars this action. Congress enacted that statute to assure that deserving plaintiffs can look to financially responsible parties to answer for injuries negligently caused by diplomats.[3] Section 6 (b) of the Act requires members of the diplomatic mission to acquire liability insurance for risks "arising from the operation in the United States of any motor vehicle, vessel, or aircraft" (22 USC § 254e [b]), while section 7 authorizes an injured party to sue the diplomat's carrier directly in federal court (28 USC § 1364).

Ford argues that because plaintiff has this right, she is barred from suing the company in state court. We disagree. There is nothing in the federal statutes that can be read to prohibit this action. Allowing a federal suit against the driver's carrier does not foreclose a state court suit against another party—in this case, Ford.[4]

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, etc.

---

**3.** *See Windsor v State Farm Ins. Co.* (509 F Supp 342, 343 [D DC 1981] ["The Diplomatic Relations Act (the Act) was designed, in part, to deal with the inequities associated with the immunity of members of diplomatic missions in civil court proceedings"]).

**4.** Plaintiff also argues that the diplomat's minimum statutory insurance coverage is far short of what it would take to compensate her for her injuries. Further, she asserts that although the lease between Ford and the Russian mission obligates the mission to indemnify Ford for any losses in excess of the federally mandated insurance, diplomatic immunity would extend to any counterclaim or indemnification agreement. Given the grounds for our decision, we need not address these arguments.