**12-2905-cv**
**Hallock v. Koubek**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: April 2, 2013                                     Decided: August 13, 2013)

Docket No. 12-2905-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MATTHEW ISABELLA, MARY ISABELLA, his wife,

     Plaintiffs,

DORIS A. HALLOCK, PETER T. HALLOCK,

     Third Party Plaintiffs-Appellees,

     v.

MICHAEL W. KOUBEK,

     Third Party Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: LOHIER, CARNEY, Circuit Judges, and RAKOFF, District Judge.*

     This is an appeal from a decision of the United States District Court for the Northern District of New York (Sharpe, C.J.), denying a motion for summary judgment submitted by Michael Koubek. The court determined that Koubek, the owner of a car involved in an accident, could be liable for contribution under New York Vehicle and Traffic Law § 388 even though the driver of the car, Koubek's wife, was immune from suit by virtue of New York Workers' Compensation Law § 29(6). We conclude that the

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

ability of a party to obtain contribution from the owner of a vehicle driven negligently by a person who is immune from suit under New York's Workers' Compensation Law raises a specific question of New York law that is appropriately certified to the New York Court of Appeals. We therefore certify this question to the New York Court of Appeals and stay resolution of this appeal.

ARTHUR J. SIEGEL, Bond, Schoeneck & King, PLLC, Albany, NY, for Third Party Defendant-Appellant.

GLENN A. KAMINSKA (Nicholas M. Cardascia, *on the brief*), Ahmuty, Demers & McManus, Albertson, NY, for Third Party Plaintiffs-Appellees.

LOHIER, Circuit Judge:

In this appeal, involving a car accident, we consider an apparent conflict between two provisions of New York law: Section 29(6) of New York's Workers' Compensation Law ("Section 29(6)"), which provides that workers' compensation is the exclusive remedy of an employee injured by his co-employee's negligence, and Section 388 of New York's Vehicle and Traffic Law ("Section 388"), which provides that every owner of a vehicle operated in New York is liable for injuries resulting from the negligent permissive use of that vehicle. Ultimately, we conclude that the New York Court of Appeals is in a better position to resolve the conflict, if any, between these two provisions, both of which arguably apply in this case. The Court of Appeals previously prohibited plaintiffs who are injured by the negligence of a co-employee driver from suing the owner of the vehicle, reasoning that vicarious liability against the owner cannot exist in the absence of direct liability against the driver. More recent New York state court decisions have not been consistent on the issue, however, leading us to believe that the more specific question presented in this case is not yet fully resolved. Accordingly, we defer decision

2

and certify the following question to the New York Court of Appeals:

> Whether a defendant may pursue a third-party contribution claim under New York Vehicle and Traffic Law § 388 against the owner of a vehicle, where the vehicle driver's negligence was a substantial factor in causing the plaintiff's injuries, but the driver is protected from suit by the exclusive remedy provisions of New York Workers' Compensation Law § 29(6)?

## BACKGROUND

This case arises from a car accident in New York. Third-party defendant-appellant Michael Koubek appeals from a decision of the United States District Court for the Northern District of New York (Sharpe, C.J.), which refused to dismiss the contribution claims of third-party plaintiffs-appellees Doris and Peter Hallock ("the Hallocks"). On November 27, 2007, Roberta Oldenborg, Koubek's wife, was driving Koubek's car back from a business meeting when she collided with a car driven by Doris Hallock (and owned by Peter Hallock). Oldenborg's co-worker, Matthew Isabella ("Isabella") had been riding as a passenger in Oldenborg's car and was injured in the accident. Because the injury occurred in the course of his employment, Isabella was prevented by New York's Workers' Compensation Law from suing Oldenborg, and he eventually obtained workers' compensation benefits.

In 2009 Isabella and his wife sued the Hallocks in federal court based on diversity of citizenship. They claimed that Doris Hallock's negligent and reckless driving proximately caused Isabella's injuries. In turn, the Hallocks filed a third-party complaint against Koubek for contribution and indemnification, claiming that his wife Oldenborg's negligence, not Doris Hallock's, proximately caused Isabella's injuries. Koubek countered that his wife's statutory immunity under Section 29(6) of the New York

Workers' Compensation Law protected him from liability, and he moved for summary judgment.

The District Court denied Koubek's motion in view of Clamp v. Estate of Hales, 807 N.Y.S.2d 512 (Sup. Ct. 2005), which held that a defendant in the Hallocks' position could sue the owner of a car under New York Vehicle and Traffic Law § 388 even though the negligent driver of that car enjoyed statutory immunity based on Workers' Compensation Law § 29(6). The District Court reasoned that the purpose of Section 29(6) would not be frustrated by allowing the third-party suit to proceed because the parties were not related by employment.[1]

Just before trial, the parties entered into an agreement pursuant to which the Isabellas would receive $800,000, plus interest, and the jury trial would apportion liability between Koubek and the Hallocks. The parties also agreed that if this Court were to reverse the District Court's denial of summary judgment on appeal, the Hallocks would be responsible for paying the full amount of the settlement. At trial, the jury found Koubek ninety percent liable and the Hallocks ten percent liable for the accident. After the District Court denied Koubek's post-trial motion for judgment as a matter of law, Koubek appealed.

**DISCUSSION**

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). Summary judgment is appropriate "if the movant shows that there is no genuine dispute

---

[1] The District Court denied Koubek's Rule 54(b) motion to reconsider its earlier order.

4

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As we have noted, this case concerns the interplay of two New York State statutes. First, Section 29(6) of the Workers' Compensation Law, in relevant part, provides:

> The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ . . . .  The limitation of liability of an employer set forth in section eleven of this article for the injury or death of an employee shall be applicable to another in the same employ . . . .

N.Y. Workers' Comp. Law § 29(6).   Section 11 of the statute, in turn, provides in relevant part:

> The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee . . . or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom . . . .
> . . .
> An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" . . . .

N.Y. Workers' Comp. Law § 11.  Therefore, under New York law, an injured party who receives workers' compensation cannot sue the employer or co-employee whose negligence caused his injuries, nor can a third-party defendant sue the employer or co-employee for contribution.  See Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 N.Y.2d 577, 585 (1998).  Second, Section 388 of the Vehicle & Traffic Law provides:

> Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

N.Y. Veh. & Traf. Law § 388(1). In other words, it is clear that under Section 388 a defendant in a tort action arising from a car accident caused by the driver's negligence can proceed with a claim for contribution against the owner of the car, so long as the driver operated the car with the owner's permission. The question presented on appeal, however, is whether Section 388 permits a defendant to proceed with a tort action for contribution against the car owner even when a direct cause of action by the defendant against the driver would be prohibited by Section 29(6)'s exclusive remedy provisions. There is no dispute that the accident occurred while Isabella and his co-employee, Oldenborg, the driver, were acting in the course of their employment, and that Oldenborg was therefore immune from suit under Section 29(6).

Opinions from the New York Court of Appeals and intermediate New York state courts suggest that the exclusive remedy provision also bars such a suit against the car owner. In Rauch v. Jones, 4 N.Y.2d 592 (1958), the Court of Appeals held that Section 29(6) prevented an injured plaintiff from suing the owner of a vehicle where, at the time of the accident, the vehicle was operated by a co-employee in the course of his employment, but the vehicle owner had no employment relationship with the plaintiff. The Court of Appeals reasoned that Vehicle and Traffic Law Section 59, the predecessor statute to Section 388, was intended to create a remedy where no right to relief existed, and so did not apply when a plaintiff recovers for his injury through workers'

6

compensation. Rauch, 4 N.Y.2d at 596. The court concluded:

> [Where] the only negligence alleged . . . consists of negligen[t] acts and omissions ascribed to the operator of the vehicle, plaintiff clearly seeks to recover for injury caused solely "by the negligence or wrong of another in the same employ" and not because the defendant [owner] was a wrongdoer. This privilege is denied him by the compensation statute.

Id.

Naso v. Lafata, 4 N.Y.2d 585 (1958), was decided the same day as Rauch, involved a very similar fact pattern, and "reached the same conclusion." Id. at 591. Having been injured in an accident while a passenger in a car negligently driven by a co-employee, the plaintiff sued the owner of the car under section 59 of the Vehicle and Traffic Law. The New York Court of Appeals again rejected the suit, explaining:

> Were we to allow plaintiff, under the present circumstances, to recover against the owner of the automobile, . . . then . . . [the owner] would be entitled to recovery over against plaintiff's fellow employee, . . . the negligent operator of the vehicle. Under such a holding the fellow employee would be afforded less than complete protection, and the legislative purpose in adopting subdivision 6 of section 29 of the Workmen's Compensation Law would, thereby, be thwarted.

4 N.Y.2d at 591.

In a subsequent New York Court of Appeals case, Kenny v. Bacolo, 61 N.Y.2d 642 (1983), the driver negligently drove a truck owned by the defendant, thereby causing the plaintiff's injuries in part. Because the driver was statutorily immune from suit under the federal Longshoremen's and Harbor Workers' Compensation Act, however, the court held that "there can be no liability imputed to [the truck owner] and no action can be sustained against it." See id. at 645. As a result, the court concluded that a co-defendant

7

in the plaintiff's lawsuit could not sue the owner of the truck for contribution. The court appears, then, to have precluded derivative liability against the owner in a contribution action because direct liability against the driver was statutorily prohibited.[2]

Intermediate New York state courts have come to the same general conclusion. For example, Sikora v. Keillor, 230 N.Y.S.2d 571 (2d Dep't 1962), aff'd 13 N.Y.2d 610 (1963), involved the negligent operation of the defendant's vehicle by a voluntary fireman in the course of the fireman's duties. The fireman was deemed immune from liability by reason of New York's General Municipal Law. Citing Rauch and Naso, the Second Department held that "it logically follows that if no recovery can be had against the volunteer fireman, there is no right of action against the absent owner whose liability is purely statutory." Id. at 573-74. In other words, "[i]f the operator" of a vehicle "is released" from liability based on statutory immunity, then "the owner must be deemed to be released as well, since the owner's liability depends upon and springs from the operator's liability; basically one cannot exist without the other." Id. at 574.

Similarly, in Nelson v. Garcia, 548 N.Y.S.2d 963 (4th Dep't 1989), the Fourth Department held that a town that owned an ambulance was not vicariously liable under Section 388 for the injuries sustained by the plaintiff as a result of an accident caused by a town employee who was driving the ambulance. The Appellate Division observed that the employee "who was driving the ambulance ha[d] statutory immunity for his acts of

---

[2] We note that in Kenny the exclusive remedy provision of the Longshoremen's and Harbor Workers' Compensation Act virtually mirrors the analogous provisions in Sections 11 and 29(6): "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee . . . ." 33 U.S.C. § 905(a).

8

ordinary negligence" under New York General Municipal Law Section 205-b. Id. at 965.

As a result, the court concluded, "the Town has no vicarious liability as owner of the ambulance" because vicarious liability "by its very nature cannot be imposed upon the owner unless there is liability on the part of the driver. Thus the immunity of the driver immunizes the owner against a claim of vicarious liability." Id. at 964-65.[3]

The Hallocks urge us to affirm the District Court's decision. As an initial matter, the Hallocks attempt to distinguish Kenny. They argue that a different workers' compensation statute applied in Kenny. They also point out that the employer in Kenny leased the vehicle, whereas Oldenborg drove a car that her husband owned. Neither of these differences is material. In particular, the exclusive remedy provisions of the New York Workers' Compensation Law are similar in every relevant way to the exclusive remedy provision of the Longshoremen's and Harbor Workers' Compensation Act; indeed, the court in Kenny cited state workers' compensation cases in support of its analysis. See Kenny, 61 N.Y.2d at 645.

The Hallocks also rely, as the District Court did, on Clamp v. Estate of Hales, a fairly recent decision of the New York Supreme Court. The force of the decision in

_____

[3] Of course, notwithstanding the driver's immunity, a vehicle owner who is a culpable wrongdoer may be directly liable rather than vicariously liable under New York law. In Raquet v. Braun, for example, the New York Court of Appeals held that "a defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule," if the third party is itself a culpable wrongdoer. 90 N.Y.2d 177, 182 (1997) (emphasis added). "In such situations, a claim of contribution may be asserted if there has been a breach of a duty that runs from the contributor to the defendant who has been held liable." Id. Here, the parties agree that Koubek was not a wrongdoer and that Isabella could not sue Koubek directly.

Clamp is that it confronted precisely the same question – and the same factual scenario and statutes – at issue on this appeal. Clamp involved an automobile accident in which a co-defendant sought contribution from a third-party vehicle owner who was unrelated by employment to the co-defendant. The owner claimed that he could not be held vicariously liable for the plaintiffs' injuries under Section 388 because the automobile driver involved in the accident was immune from suit under Sections 11 and 29(6). The court in Clamp rejected the owner's claim, reasoning that the Workers' Compensation Law was not "intended to apply to actions between parties who are not related in any way by employment," Clamp, 807 N.Y.S.2d at 515, so that the purpose of the law would not be frustrated by permitting the defendant to pursue a third-party action against the owner. Without citing either Naso or Kenny, the court also observed that "[i]t is a 'well-established principle that a defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule.'" Id. (quoting Raquet v. Braun, 90 N.Y.2d 177, 182 (1997)).

Although Rauch, Naso, Kenny, and the other New York cases discussed above make us think that Koubek should not be held liable under Section 388, Clamp gives us pause because, as the District Court recognized, it is factually and legally indistinguishable from the case before us. In addition, the New York Court of Appeals more recently clarified that derivative liability may arise from the negligence of an immune party under certain circumstances, depending on the relevant statutory scheme giving rise to the immunity. In Tikhonova v. Ford Motor Company, 4 N.Y.3d 621, 624-

10

25 (2005), the court permitted a lawsuit to proceed under Section 388 against the Ford Motor Company, the owner of the car, even though the driver of the car, a foreign diplomat driving in New York City, enjoyed full diplomatic immunity from suit. We recognize that in distinguishing Rauch and Naso, the court explained the unique role of the Workers' Compensation Law in those cases:

> [B]oth decisions [Rauch and Naso] rest on the statutory language making plain that in the special context of workers' compensation, the system of remedies provided by the Workers' Compensation Law supplants all other statutory or common-law causes of action. The federal statute providing diplomats' tort victims with a direct action against the diplomats' insurance carriers contains nothing like the "exclusive remedy" clause specified in the Workers' Compensation Law.

Tikhonova, 4 N.Y.3d at 625. But this language does not comfort us enough to rule in Koubek's favor. To the contrary, Tikhonova makes clear that we cannot automatically conclude that derivative liability against the owner is barred merely because direct liability against the driver was statutorily prohibited.

**CERTIFICATION**

Second Circuit Local Rule 27.2 permits us to certify to the New York Court of Appeals "determinative questions of New York Law [that] are involved in a case pending before [us] for which no controlling precedent of the Court of Appeals exists." N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a); see also N.Y. Const. Art. 6, § 3(b)(9). "In deciding whether to certify a question, we consider: (1) the absence of authoritative state court interpretations of the law in question; (2) the importance of the issue to the state, and whether the question implicates issues of state public policy; and (3) the capacity of

11

certification to resolve the litigation." Georgitsi Realty, LLC v. Penn-Star Ins. Co., 702 F.3d 152, 158 (2d Cir. 2012) (alteration and quotation marks omitted). All three factors favor certification.

First, the New York State Court of Appeals has not addressed this precise question. The only court that has done so is a state trial court, which appears to run against the trend of the most relevant Court of Appeals decisions. "Based on the . . . New York state decisions discussed above, we cannot predict with confidence how the New York State Court of Appeals would rule on this legal question." Doe v. Guthrie Clinic, Ltd., 710 F.3d 492, 497 (2d Cir. 2013) (quotation marks omitted). Although we appreciate the possibility that the New York Court of Appeals will conclude that Kenny is dispositive, we are reluctant to second-guess the considered judgment of a justice of the New York State Supreme Court who analyzed the precise question presented to us.

Second, the question identified for certification presents "important issues of New York law and policy." Barenboim v. Starbucks Corp., 698 F.3d 104, 117 (2d Cir. 2012). Both of the statutes at issue here embody careful policy judgments. The exclusive remedy provisions of New York's Workers' Compensation Law are the "legislative implementation of [a] 'trade-off'" between providing an injured employee with "a swift and sure source of benefits . . . without regard to fault" and protecting employers from large damage verdicts by taking away that employee's "common-law right to sue his employer in tort and perhaps to enjoy a more substantial recovery through a jury award." Billy v. Consol. Mach. Tool Corp., 51 N.Y.2d 152, 159 (1980) (quotation marks omitted); see also Gonzales v. Armac Indus., Ltd., 81 N.Y.2d. 1, 9 (1993). Section 388 of New

12

York's Vehicle and Traffic Law was enacted "to assure injured plaintiffs that there will be a financially responsible party to provide compensation for negligent driving," Tikhonova, 4 N.Y.3d at 624, and "to change the common-law rule and to impose liability upon the owner of a vehicle for the negligence of a person legally operating the car with the permission . . . of the owner," Hassan v. Montuori, 99 N.Y.2d 348, 353 (2003) (alteration and quotation marks omitted).  New York State should determine in the first instance how these policy goals interact with each other and determine which predominates in this case.

Finally, the resolution of this issue will "determine the outcome of this appeal." Georgitsi, 702 F.3d at 159.  If the New York Court of Appeals determines that a vehicle owner is protected from third-party contribution suits by the Workers' Compensation Law, the Hallocks will pay the $800,000 settlement sum, plus interest, to compensate the Isabellas for their injuries.  If, on the other hand, the court determines that defendants may pursue a third-party action against the vehicle owner, the Hallocks will pay only ten percent of the settlement sum, and Koubek will pay the remaining ninety percent.  Either decision will resolve this case.

**CONCLUSION**

For the foregoing reasons, we respectfully certify the following question to the New York Court of Appeals:

> Whether a defendant may pursue a third-party contribution claim under New York Vehicle and Traffic Law § 388 against the owner of a vehicle, where the vehicle driver's negligence was a substantial factor in causing the plaintiff's injuries, but the driver is protected from suit by the exclusive remedy provisions of New York Workers' Compensation Law § 29(6)?

13

In certifying this question, we understand that the New York Court of Appeals, if it accepts the case, may reformulate or expand the certified question as it deems appropriate. We do not intend this articulation of the above specified question to limit the scope of the analysis by the Court of Appeals.

It is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a certificate in the form attached, together with a copy of this opinion and a complete set of briefs, appendices, and the record filed by the parties in this Court. This panel will retain jurisdiction of the present appeal for resolution after disposition of the certified question by the New York Court of Appeals.

## **CERTIFICATE**

The foregoing is hereby certified to the Court of Appeals of the State of New York pursuant to 2d Cir. L.R. 27.2 and N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a), as ordered by the United States Court of Appeals for the Second Circuit. This panel will retain jurisdiction of the present appeal for resolution after disposition of the certified question by the New York Court of Appeals.