**12-2905-cv**
**Hallock v. Koubek**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: April 2, 2013     Question Certified: August 13, 2013
Certified Question Answered: March 27, 2014    Decided: April 15, 2014)

Docket No. 12-2905-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATTHEW ISABELLA, MARY ISABELLA, his wife,

Plaintiffs,

DORIS A. HALLOCK, PETER T. HALLOCK,

Third Party Plaintiffs-Appellees,

-v.-                               12-2905-cv

MICHAEL W. KOUBEK,

Third Party Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Before: LOHIER, CARNEY, <u>Circuit Judges</u>, and RAKOFF, <u>District Judge</u>.[*]

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

This is an appeal from a decision of the United States District Court for the Northern District of New York (Sharpe, C.J.), denying in relevant part a motion for summary judgment submitted by Michael Koubek and allowing Doris and Peter Hallock to proceed with their contribution claims against him in a tort suit arising out of a car accident in New York. In response to a certified question from this Court, the New York Court of Appeals held that a party in the Hallocks' position may not pursue a third-party contribution claim under New York Vehicle and Traffic Law § 388 against the owner of a vehicle where the vehicle driver's negligence was a cause of the plaintiff's injuries, but the driver is insulated from lawsuit by the exclusive remedy provisions of New York's Workers' Compensation Law § 29(6). Isabella v. Koubek, No. 45, 2014 N.Y. Slip Op. 02100, 2014 WL 1239056 (N.Y. Mar. 27, 2014). Accordingly, we REVERSE the judgment of the District Court and REMAND with instructions to enter judgment for Koubek.

ARTHUR J. SIEGEL, Bond, Schoeneck & King, PLLC, Albany, NY, for Third Party Defendant-Appellant.

GLENN A. KAMINSKA (Nicholas M. Cardascia, *on the brief*), Ahmuty, Demers & McManus, Albertson, NY, for Third Party Plaintiffs-Appellees.

LOHIER, Circuit Judge:

This case arises from a car accident in New York. Roberta Oldenborg, driving a car owned by her husband, Michael Koubek, collided with a vehicle driven by Doris Hallock and owned by her husband, Peter Hallock. Koubek appealed from the decision of the United States District Court for the Northern District of New York (Sharpe, C.J.) denying in relevant part his motion for

summary judgment and allowing the Hallocks to seek contribution and indemnification from him as the owner of the vehicle driven by Oldenborg. Isabella v. Hallock, No. 1:09-cv-123(GLS\DRH), 2011 WL 1871109 (N.D.N.Y. May 16, 2011). We assume familiarity with the underlying facts and procedural history of this case, which are set forth in our prior opinion filed on August 13, 2013. Isabella v. Koubek, 733 F.3d 384 (2d Cir. 2013).

On appeal, Koubek disputed the Hallocks' ability to bring an action for contribution against him as the car owner when a direct cause of action against the driver, Oldenborg, would be prohibited by the exclusive remedy provisions of New York's Workers' Compensation Law § 29(6). In our prior opinion, we certified the following question to the New York Court of Appeals:

> Whether a defendant may pursue a third-party contribution claim under New York Vehicle and Traffic Law § 388 against the owner of a vehicle, where the vehicle driver's negligence was a substantial factor in causing the plaintiff's injuries, but the driver is protected from suit by the exclusive remedy provisions of New York Workers' Compensation Law § 29(6)?

Id. at 392.

In an opinion filed on March 27, 2014, the New York Court of Appeals answered the certified question in the negative, holding that "a defendant may not pursue a third-party contribution claim under Vehicle and Traffic Law § 388

against a vehicle owner where the driver's negligence was a cause of the plaintiff's injuries, but the driver is insulated from a lawsuit under Workers' Compensation Law § 29 (6)." Isabella v. Koubek, 2014 N.Y. Slip Op. 02100, at 12, 2014 WL 1239056, at *7. The ruling of the New York Court of Appeals regarding New York law resolves the sole issue presented in this case and requires that Koubek's motion for summary judgment be granted.

For the foregoing reasons, we REVERSE the judgment of the District Court and REMAND with instructions to dismiss the Hallocks' claims against Koubek and enter judgment in Koubek's favor. We thank the New York Court of Appeals for its assistance in resolving this question of New York law.