16-1391-cv
*Hardy v. Pepsi-Cola Bottling Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand seventeen.

Present:
> JOHN M. WALKER JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

WAYNE L. HARDY,

> *Plaintiff-Appellant*,

> v.                                                                              16-1391

PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC.,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          WAYNE L. HARDY, pro se, Hempstead, New York

For Defendant-Appellee:         ANTHONY MINGIONE, Anna K. Svensson (on the brief), Blank Rome LLP, New York, New York

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Wayne L. Hardy, proceeding pro se, appeals from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*), entered on March 31, 2016, in favor of his former employer Pepsi-Cola Bottling Company of New York ("PCNY"), in his employment discrimination and retaliation suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12183(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Upon review, we conclude that the district court properly granted summary judgment to PCNY. Except as noted below, we affirm for substantially the reasons stated by the district court in its thorough decision. *See Hardy v. Pepsi Bottling Co. of N.Y., Inc.*, No. 14-CV-4007 (VEC), 2016 WL 1301181 (S.D.N.Y. Mar. 31, 2016).

The district court did not explicitly address Hardy's claim that PCNY retaliated against him for filing a workers' compensation claim. Nonetheless, this claim was properly dismissed because Hardy could not bring a workers' compensation retaliation claim in district court. The Workers' Compensation Board has exclusive jurisdiction over any claims for violation of New York's Workers' Compensation Law, including claims that an employer retaliated against an employee for filing for workers' compensation. *See Isabella v. Koubek*, 733 F.3d 384, 392 (2d Cir. 2013) (exclusive jurisdiction); N.Y. Workers' Comp. Law § 120 (retaliation claims).

2

Hardy argues for the first time on appeal that the arbitrator violated New York's Workers' Compensation Law and the collective bargaining agreement. Generally, we do not consider issues raised for the first time on appeal, and there is no reason to do so here. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

Finally, the district court did not abuse its discretion in denying Hardy's motions for counsel. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (reviewing the denial of counsel for abuse of discretion); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) (stating that a "threshold requirement" to appoint counsel is that "the indigent's position [must] seem[] likely to be of substance").

We have considered all of Hardy's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk