Burke, J.
The sole issue presented' on this appeal is the sufficiency of a complete defense set forth in respondent’s answer which alleges in substance that plaintiff, a passenger in *595 a tractor-trailer and a fellow employee of the operator of the vehicle, is barred by the provisions of the Workmen’s Compensation Law from recovering damages in an action in negligence against the owner of the trailer for personal injuries sustained in an accident occurring in the course of employment.
Liability has been imposed by statute upon the owner of a motor vehicle for the negligence of any person operating the vehicle upon a public highway with the express or implied permission of the owner (Vehicle and Traffic Law, § 59). A similar liability has been imposed jointly on the separate owners of a tractor and a trailer (Vehicle and Traffic Law, § 59-a). Prior to the amendment of the Workmen’s Compensation Law (L. 1934, ch. 695, as amd.), the owner of a vehicle was liable even though he was a fellow employee. (Judson v. Fielding, 227 App. Div. 430, affd. 253 N. Y. 596.) Now, of course an employee injured through the tortious acts of a coemployee occurring within the course of the common employment cannot sue the coemployee in a direct action even though the coemployee is the owner of the vehicle. (Liston v. Hicks, 243 App. Div. 159, affd. 269 N. Y. 535.) The question is whether a direct action against the owner of the vehicle who is not an employer or fellow employee has been barred by the enactment of subdivision 6 of section 29 of the Workmen’s Compensation Law (L. 1934, ch. 695, as amd.) which provides that:£ 1 The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in the case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ ”.
The appellant holds the view that the Legislature intended to make compensation the exclusive remedy only to the extent that it would bar an action directly against the negligent employee and was not meant to grant immunity to the owner of the vehicle. A like view has been expressed in recent decisions in this State (Naso v. Lafata, 5 A D 2d 786, 4 N Y 2d 585; Fabrizio v. Fader, 5 A D 2d 884). There are other decisions and dicta to the same effect (Hartquist v. Tamiami Trailer Tours, 139 Fla. 328; Gentry v. Swann Chem. Co., 234 Ala. 313; Baugh v. Rogers, 24 Cal. 2d 200), though there are others to the contrary (Roberts v. Gagnon, 1 A D 2d 297; Schwartz v. Forty-Second St., M. & St. N. Ave. Ry. Co. 175 Misc. 49). The subject has not before been considered in this court.
*596 We think the purpose of the cited sections of the Vehicle and Traffic Law was to create a remedy for losses which an injured person had been subjected to in a class of cases where no right to relief existed. But where there is a specific remedy for a wrong, a derivative liability imposed by a statute does not attach inasmuch as provision for full redress for the losses suffered as a consequence of the wrong had been made. It is true that the compensation statute “leaves untouched 'the duties and liabilities of wrongdoers outside of the relation which it regulates’ ” (Caulfield v. Elmhurst Contr. Co., 268 App. Div. 661, 664, affd. 294 N. Y. 803). Nevertheless, “ Fairly construed, it applies * * * where the negligence of a fellow employee was the sole proximate cause of the injury or death ’ ’ (Caulfield v. Elmhurst Contr. Co., supra, p. 665). As the only negligence alleged in the amended complaint consists of negligent acts and omissions ascribed to the operator of the vehicle, plaintiff clearly seeks to recover for injury caused solely “ by the negligence or wrong of another in the same employ ” and not because the defendant was a wrongdoer. This privilege is denied him by the compensation statute.
The compensation statute, as we read it, clears all doubts away. The unmistakable intention of the Legislature to make only one remedy available to an employee injured in the course of his employment by a fellow employee is manifested by the use of the emphatic language “ exclusive remedy ”. The statute, having deprived the injured employee of a right to maintain an action against a negligent coemployee, bars a derivative action which necessarily is dependent upon the same claim of negligence for which the exclusive remedy has been provided. (See Naso v. Lafata, 5 A D 2d 786, 4 N Y 2d 585, decided herewith.)
Nothing to the contrary was held in Schubert v. Schubert Wagon Co. (249 N. Y. 253). There the negligence of the employee having been established, liability ensued under the rule of respondeat superior. The employer, of course, could not avail itself of the personal immunity of the husband. In that case there was no substitution of remedies. Here the plaintiff received a right of compensation in exchange for the loss of the right of action against the negligent coemployee.
This right to reparation under the compensation act bars the action pleaded against defendant, Alexander J. Smith.
*597 The motion, therefore, to strike from the answer of the respondent the complete affirmative defense was properly denied hy the Judge at Trial and Special Term for the reasons here stated.
The order of the Appellate Division should be affirmed, with costs. The question certified should be answered in the affirmative.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Fboessel and Van Voorhis concur.
Order affirmed, etc.