■ BEULAH FULLER, Respondent, v POWERS FUNERAL HOME, Appellant. [626 NYS2d 645] —Order unanimously affirmed with costs. Memorandum: On the evening of October 7, 1991, plaintiff slipped and fell in the parking lot of defendant, Powers Funeral Home. According to plaintiff, there was a "misty rain" at the time and the sloping blacktop pavement of the parking lot was wet and slippery. A witness also stated that the parking lot was wet and slippery when plaintiff fell. J. Bruce Powers (Powers), defendant's owner, did not observe plaintiff fall but came out to the parking lot immediately afterward. Powers denied that it was raining at the time of plaintiff's fall and asserted that the area where plaintiff fell

"was fairly level, flat and not slippery or slick." Powers had witnessed the slip and fall of a visitor to the funeral home in November 1987 when it was raining. That person fell at or near the same location where plaintiff fell. In 1987 Powers had blacktopped the parking lot surface with a sealant that was not skid resistant.

Defendant appeals from the denial of its motion for summary judgment. We affirm.

Defendant relies upon the line of cases holding that, in the absence of proof of a negligent application of wax or polish, "the fact that a floor is slippery by reason of its smoothness or polish * * * does not give rise to a cause of action or an inference of negligence" *(Katz v New York Hosp.,* 170 AD2d 345; *see, e.g., Madrid v City of New York,* 42 NY2d 1039; *Miller v Gimbel Bros.,* 262 NY 107; *Swartz v Rose,* 40 AD2d 1028; *Nelson v Salem Danish Lutheran Church,* 270 App Div 1030, *affd* 296 NY 870). That reliance is misplaced. In those cases it was not alleged that the owner "failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions" *(Miller v Gimbel Bros., supra,* at 108-109). Here, however, plaintiff not only alleges that the parking lot pavement was wet and slippery, but also that defendant was negligent in applying a smooth sealer, rather than one that is skid resistant; further, plaintiff alleges that defendant should have known of the need for a skid resistant sealer because of the prior slip and fall on the wet pavement of the parking lot *(see, Cruz v New York City Tr. Auth.,* 136 AD2d 196, 198; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 250, *affd* 64 NY2d 670).

A motion for summary judgment will be denied when the credibility of persons possessed of knowledge of the facts is at issue *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262). The conflicting evidence whether the parking lot pavement was wet and slippery at the time plaintiff fell, and whether the use of a sealer that was not skid resistant created a dangerous condition when wet, and, if dangerous, whether defendant had notice thereof, should await resolution at trial. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.