■ DONNA HIRSH et al., Individually and as Parents and Natural Guardians of DARCY HIRSH, an Infant, Appellants, v BERT'S BIKES AND SPORTS, INC., Respondent. [643 NYS2d 294] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by their daughter when she fell from her bicycle on the grounds of the Chautauqua Institute. The bicycle had been purchased about two months before the accident. Plaintiffs allege that its brakes were defective and that defendant was negligent in failing to adjust the brakes properly at the time of sale. Supreme Court granted defendant's motion for summary judgment dismissing

the complaint on the ground that plaintiffs failed to raise a triable issue whether the brakes were defective or improperly adjusted. That was error.

In moving for summary judgment, defendant failed to meet its initial burden to submit evidence negating all triable issues of fact and conclusively warranting judgment in its favor as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Christiana v Joyce Intl.*, 198 AD2d 690, 691). In support of its motion, defendant submitted the deposition testimony of the manager of defendant store and the affidavits of a co-owner of a bicycle shop where the bicycle was taken after the accident and the Chief of Police of the Chautauqua Institute, who investigated the accident. The manager of defendant store, however, lacked first-hand knowledge of the condition of the bicycle at the time of sale. Although the co-owner of the other bicycle shop states that the bicycle was not defective when inspected after the accident, his affidavit lacks probative value because it fails to set forth his experience and qualifications to render that opinion and it attempts to explain away his earlier statement suggesting that there may have been a problem with the brakes. The Chief of Police candidly acknowledged that he lacked the expertise to render an opinion regarding the condition of the brakes. Because defendant failed to sustain its initial burden, the court should have denied the motion regardless of the sufficiency of plaintiffs' proof (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). In any event, the evidence submitted by plaintiffs raises credibility issues that cannot be resolved on a summary judgment motion (*see, Kindzierski v Foster*, 217 AD2d 998; *Fuller v Powers Funeral Home*, 214 AD2d 1045; *Newton v Gross*, 213 AD2d 1074). (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Balio and Boehm, JJ.