■ ROBERT ROSE et al., Appellants, v GELCO CORPORATION et al., Respondents, et al., Defendant. [688 NYS2d 259] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated July 1, 1998, which granted the motion of the defendants Gelco Corporation and Gelco Corp./G.E. Capital Fleet Services pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff Robert Rose sustained physical injuries during

the course of his employment with Whirlpool Corporation (hereinafter Whirlpool) when he tripped and fell over a fire extinguisher which had been installed in a van by the defendant Allen Group, Inc. (hereinafter Allen). The van had been leased by Whirlpool from the defendants Gelco Corporation, and Gelco Corp./G.E. Capital Fleet Services (hereinafter collectively referred to as Gelco). Since Whirlpool is immune from suit under the Workers' Compensation Law, there can be no liability imputed to Gelco as owner of the van (*see, Heritage v Van Patten,* 59 NY2d 1017; *Rauch v Jones,* 4 NY2d 592, 596; *Naso v Lafata,* 4 NY2d 585; *Christiansen v Silver Lake Contr. Corp.,* 188 AD2d 507, 508; *Jaglall v Supreme Petroleum Co.,* 185 AD2d 971; *Constantine v Sperry Corp.,* 149 AD2d 394). Furthermore, the plaintiffs have failed to allege any independent negligence on the part of Gelco (*see, Delio v Percom Equip. Rental Corp.,* 249 AD2d 354; *Jaglall v Supreme Petroleum Co., supra*).

The plaintiffs are also not entitled to recovery under a theory of strict products liability or breach of implied warranty as the allegations in support of these causes of action are devoid of a factual basis and are vague and conclusory (*see, Schuckman Realty v Marine Midland Bank,* 244 AD2d 400). The factual allegations contained in the complaint are insufficient to support the claim that the van was defectively designed or manufactured (*see, Lama Holding Co. v Smith Barney, Inc.,* 88 NY2d 413, 425; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 106-107). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.