■ FRANKLIN CHIRIBOGA, Respondent, v JOEL A. EBRAHIMOFF, Appellant. [722 NYS2d 533] —Order, Supreme Court, New

York County (Richard Lowe, III, J.), entered January 21, 2000, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff parking garage attendant was seriously injured when a co-worker, who was in the process of parking defendant's car, backed into him, injuring both legs. Although such work-related injury was covered by the Workers' Compensation Law, plaintiff brought this action against defendant.

In denying defendant's motion for summary judgment, the IAS court held that even though plaintiff cannot directly sue his co-worker or his employer, he can sue defendant who is not protected by the Workers' Compensation Law and found that a triable issue of fact exists as to whether plaintiff's co-worker was negligent and thus, whether defendant was vicariously liable pursuant to Vehicle and Traffic Law § 388 (1), which provides that every vehicle owner is responsible for injuries resulting from the negligent use of the vehicle by one operating it with permission, either express or implied.

It is well settled that while Workers' Compensation Law § 29 (6) precludes suit against a fellow employee based on his negligence, it is not a bar to an action against a third-party owner based upon the owner's affirmative negligence toward the injured employee (*Rascoe v Riteway Rentals*, 176 AD2d 552; *Carpenter v Miller*, 132 AD2d 859, 861). However, since plaintiff has sued defendant based upon his vicarious liability as the owner of the vehicle operated by his co-worker, and there is no allegation of affirmative negligence by defendant, summary judgment should have been granted to defendant, dismissing the complaint. *Carter v Travelers Ins. Co.* (113 AD2d 178), a declaratory judgment action between insurers, is not to the contrary, inasmuch as it merely reaffirmed the public policy embodied in Vehicle and Traffic Law § 388 and did not involve the exclusivity provisions of the Workers' Compensation Law. Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.