■ Elisha Kobre et al., Respondents, v United Jewish Appeal-Federation of Jewish Philanthropies of New York, Inc., et al., Appellant, et al., Defendant. [734 NYS2d 12] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about April 12, 2001, which denied defendant-appellant's motion for leave to amend its answer to assert, in the alternative, the affirmative defense that plaintiffs' causes of action are barred by the Workers' Compensation Law, unanimously affirmed, without costs.

In other proceedings, it has been determined that plaintiff Elisha Kobre was injured in a diving accident in the course of his employment by a summer camp partially funded by defendant-appellant United Jewish Appeal-Federation of Jewish Philanthropies of New York, Inc. (UJA) (*see, Matter of Kobre v Camp Mogen Avraham,* 255 AD2d 636). In this action, plaintiff seeks to hold UJA liable for his injuries based on the theory that UJA, through the funding and advice it provided to the camp, exercised control over the camp's operation and physical plant, including the waterfront where plaintiff was injured. We affirm the denial of UJA's motion to amend its answer to assert the Workers' Compensation Law defense on the ground that such alleged control by UJA over the camp, if proven, would not render the bar of the Workers' Compensation Law applicable to plaintiff's action against UJA (*see, e.g., Granieri v 500 Fifth Ave. Assocs.,* 223 AD2d 450, 451). We note that plaintiff, by his own admission, does not seek to hold UJA vicariously liable for the negligence of his employer, but is suing UJA for its own alleged direct negligence in failing to

prevent a dangerous condition at the camp's waterfront or in failing to use due care in monitoring the camp's management of its waterfront (*cf., Rauch v Jones*, 4 NY2d 592). Concur— Mazzarelli, J. P., Andrias, Ellerin, Buckley and Marlow, JJ.