■ CARLOS NUNEZ et al., Respondents, v RALPH W. JENKINS et al., Appellants, et al., Defendants. [779 NYS2d 55]—

Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about October 14, 2003, which denied defendants-appellants' motion to amend their answer to assert a Workers' Compensation Law defense and for summary judgment dismissing the complaint, and granted plaintiffs' cross motion to serve an amended bill of particulars to allege a violation of Vehicle and Traffic Law § 388 (1), unanimously affirmed, without costs.

Even if plaintiff's injury was caused in some measure by the negligence of his coworker, the Workers' Compensation Law defense is not applicable to shield defendant Bell Trucking and Bell's employee defendant Jenkins from liability. Bell was not plaintiff's employer and plaintiff does not seek to hold Bell vicariously accountable for the conduct of plaintiff's coworker, but rather alleges that his injuries resulted from Bell's and Jenkins's affirmative negligence (*see Chiriboga v Ebrahimoff*, 281 AD2d 353 [2001]; *see also Kobre v United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y.*, 288 AD2d 158 [2001]; *cf. Rauch v Jones*, 4 NY2d 592 [1958]). Inasmuch as the complaint is so premised, the court properly permitted plaintiffs to amend their bill of particulars to assert violations of Vehicle and Traffic Law § 388 (1) (*see Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 562 [1999]; *Christiansen v Silver Lake Contr. Corp.*, 188 AD2d 507, 508 [1992]). There remain issues of fact as to whether defendants' conduct was a proximate cause of plaintiff's injury. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Friedman, JJ.