OPINION OF THE COURT
Leslie E. Stein, J.
Plaintiffs Thomas Clamp and Mathai George commenced this action, seeking recovery for personal injuries allegedly sustained in an automobile accident. Thereafter, a third-party action was commenced by the coexecutors of the defendant Estate of William Hales (Hales) for contribution/indemnification based upon the alleged negligence of George and his wife. The Georges now move for summary judgment dismissing the third-party complaint on the basis that Clamp did not sustain a grave injury under Workers’ Compensation Law § 11.
The Georges argue that Clamp was clearly in the course of business when the accident occurred and, therefore, that the third-party action may not be maintained unless Hales pleads and proves that Clamp sustained a grave injury under the Workers’ Compensation Law. The Georges further argue that the injuries enumerated in plaintiff’s bill of particulars do not satisfy the Workers’ Compensation Law and, therefore, that recovery is barred by Workers’ Compensation Law § 29 (6).
In opposition, Hales does not concede that Clamp was in the course of his employment at the time of the accident and argues that this is a question of fact which precludes summary judgment. Hales further argues that the Workers’ Compensation Law has no application because the vehicle used was not a corporate vehicle but, rather, was a personal vehicle owned by Mrs. George. Hales argues that, pursuant to Vehicle and Traffic Law § 388, a private owner is liable and has no immunity under the Workers’ Compensation Law. Hales concedes that the Workers’ Compensation Law may apply as to Mr. George (Clamp’s coemployee), but contends that it does not apply to Mrs. George and argues there is a question of fact as to whether Mr. George caused or contributed to the accident, which would make Mrs. George vicariously liable under Vehicle and Traffic Law § 388.
*990 In reply, the Georges assert that plaintiffs have not contested that the third-party action against Mr. George is barred because Clamp did not sustain a grave injury under Workers’ Compensation Law and because he was a coemployee of Mr. George. They further argue that Vehicle and Traffic Law § 388 is not applicable to Mrs. George because, if the operator of the vehicle is immune from suit under the Workers’ Compensation Law, the owner is also immune from suit.
It is well settled that summary judgment is a drastic remedy which should only be used where there exists no doubt as to the absence of triable issues of fact (see Andre v Pomeroy, 35 NY2d 361, 364 [1974]). Thus, “the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In order to meet this burden when seeking dismissal of a cause of action, a party must submit evidence which negates any meritorious cause of action encompassed by the pleadings (Franceschi v Consolidated Rail Corp., 142 AD2d 915 [1988]; see also Hirsh v Bert’s Bikes & Sports, 227 AD2d 956 [1996]; Wilder v Rensselaer Polytechnic Inst., 175 AD2d 534 [1991]; Beasock v Dioguardi Enters., 117 AD2d 1015 [1986]; Gerhart v Town of Manchester, 112 AD2d 32 [1985]).
Workers’ Compensation Law § 11 provides, in pertinent part, that
“[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a ‘grave injury’ ”
as specifically defined therein. Pursuant to Workers’ Compenstion Law § 29 (6),
“[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . The limitation of liability of an employer set forth in section eleven of this article for the injury or death of an employee shall be applicable to another in the same employ . . . .”
The Georges have established through sworn testimony that Clamp and George were in the course of their employment when *991 the accident occurred and Hales has not provided any admissible proof to the contrary. Therefore, Hales has failed to raise a question of fact as to whether Clamp and George were in the course of their employment when the accident occurred. Furthermore, the Georges have established as a matter of law that Clamp did not sustain a grave injury as defined by Workers’ Compensation Law § 11. Thus, any action against Mr. George is barred by the Workers’ Compensation Law. The only issue remaining is whether suit against Mrs. George is also barred.
Vehicle and Traffic Law § 388 provides that every vehicle owner is responsible for injuries resulting from the negligent use of the vehicle by one operating it with permission. The purpose of that statute is to provide recourse to an injured person against a financially responsible party (see Murdza v Zimmerman, 99 NY2d 375 [2003]). Thus, as owner of the vehicle at issue herein, Mrs. George would be responsible for injuries sustained by Clamp unless the Workers’ Compensation Law precludes suit against her as well.
Workers’ Compensation Law § 29 (6) clearly precludes suit by an injured party against a fellow employee, but does not preclude recovery from a third-party owner based upon such owner’s affirmative negligence (see Carpenter v Miller, 132 AD2d 859, 861 [1987]). The issue presented herein is whether that statute precludes a nonemployee from obtaining contribution and/or indemnification from a third-party (nonemployer) owner based solely on vicarious liability for damages to an employee caused by the driver’s negligence, where recovery by the injured party against the driver is otherwise barred.
It is a “well-established principle that a defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule” (Raquet v Braun, 90 NY2d 177, 182 [1997]). The cases cited by the Georges herein are not controlling in the instant matter as they each involve an injured employee plaintiff, subject to the Workers’ Compensation Law, directly suing an owner (Rose v Gelco Corp., 261 AD2d 381 [1999] [injured plaintiff employee sued owner of van; no liability imputed to owner of van because employer immune from suit under Workers’ Compensation Law and no independent negligence alleged against van owner; plaintiff’s exclusive remedy is Workers’ Compensation Law]; Chiriboga v Ebrahimoff, 281 AD2d 353 [2001] [Workers’ Compensation Law *992 is exclusive remedy for injured plaintiff employee; no allegation of affirmative negligence by owner of vehicle]). The Court of Appeals case cited by the Georges is also inapplicable because, in that case, the Court of Appeals was called on to determine whether Workers’ Compensation Law § 11 precludes suit by a third party against an employer who has not secured workers’ compensation benefits (see Boles v Dormer Giant, Inc., 4 NY3d 235 [2005] [employer is not afforded protection of the statute where it has failed to obtain workers’ compensation]).
The Legislature created an exclusive remedy for employees injured in the course of employment by a fellow employee when it created the Workers’ Compensation Law (see Rauch v Jones, 4 NY2d 592 [1958]). Workers’ Compensation Law § 11, as amended in 1996, limits contribution/indemnification actions against employers by third parties (see Workers’ Compensation Law § 11). The purpose of the 1996 amendment was to limit employer liability to those cases where an employee was gravely injured as defined by that statute and to restore the exclusive remedy provisions of the Workers’ Compensation Law which had been altered by court decisions (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]).
It is apparent that the Workers’ Compensation Law, generally, and section 11 in particular, is intended to protect employers and/or coemployees from exposure to liability for injuries to employees beyond that provided by the Workers’ Compensation Law, itself. There is no evidence that the Workers’ Compensation Law was intended to apply to actions between parties who are not related in any way by employment. In fact, the Governor’s Memorandum approving the amendment specifically states that “the bill restores the basis of the bargain between business and labor — that workers obtain necessary medical care benefits and compensation for workplace injuries regardless of fault while employers obtain a degree of economic protection from devastating lawsuits” (Governor’s Mem approving L 1996, ch 635, 1996 McKinney’s Session Laws of NY, at 1912-1913). The purpose of the Workers’ Compensation Law will not be controverted by allowing the Hales action to proceed and Hales is not required to establish that Clamp suffered a grave injury in order to maintain the action against Mrs. George. Consequently, as owner of the vehicle, Mrs. George could be held responsible for indemnification/contribution to Hales, pursuant to Vehicle and Traffic Law § 388, for damages incurred as a result of any award to Clamp.
*993 Accordingly it is ordered that third-party defendants’ motion for summary judgment is denied as to Mrs. George and granted as to Mr. George.