[10 NE3d 673, 987 NYS2d 293]

MATTHEW ISABELLA et al., Plaintiffs, v DORIS A. HALLOCK et al., Defendants and Third-Party Respondents. MICHAEL W. KOUBEK, Third-Party Defendant-Appellant.

Argued February 18, 2014; decided March 27, 2014

**POINTS OF COUNSEL**

*Bond, Schoeneck & King, PLLC*, Albany (*Arthur J. Siegel* of counsel), for third-party appellant. I. Under the Workers' Compensation Law, Matthew Isabella's exclusive remedy against his coemployee Roberta Oldenborg cannot be enhanced by recovery under Vehicle and Traffic Law § 388 against vehicle owner Michael W. Koubek. (*Hassan v Montuori*, 99 NY2d 348; *Morris v Snappy Car Rental*, 84 NY2d 21; *Hanover Ins. Co. v Connor*, 232 AD2d 925; *Rauch v Jones*, 4 NY2d 592; *Clamp v Estate of Hales*, 10 Misc 3d 988; *Naso v Lafata*, 4 NY2d 585; *Reich v Manhattan Boiler & Equip. Corp.*, 91 NY2d 772; *Black*

*v Consolidated Freightways Corp. of Del.*, 219 F Supp 2d 243; *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152; *Kenny v Bacolo*, 61 NY2d 642.) II. The intent of Vehicle and Traffic Law § 388 is still served even if it is not applicable when workers' compensation benefits have been paid. (*Continental Auto Lease Corp. v Campbell*, 19 NY2d 350; *Rodriguez v Lodato Rental*, 267 AD2d 293; *Jaglall v Supreme Petroleum Co. of N.J.*, 185 AD2d 971; *Rose v Gelco Corp.*, 261 AD2d 381; *Sikora v Keillor*, 13 NY2d 610; *Naso v Lafata*, 4 NY2d 585; *Rauch v Jones*, 4 NY2d 592; *Mills v Gabriel*, 259 App Div 60, 284 NY 755; *Plaumbo v Ryan*, 213 App Div 517; *Psota v Long Is. R.R. Co.*, 246 NY 388.) III. The *Clamp v Estate of Hales* (10 Misc 3d 988 [Sup Ct, Greene County 2005]) case, exclusively relied upon by district court, was wrongly decided and mischaracterized the intent of the Workers' Compensation Law. (*Rauch v Jones*, 4 NY2d 592; *Naso v Lafata*, 4 NY2d 585; *Rose v Gelco Corp.*, 261 AD2d 381; *Musso v Hsing Wei Chien*, 73 AD3d 466; *Allen v Blum*, 232 AD2d 591; *Christiansen v Silver Lake Contr. Corp.*, 188 AD2d 507; *Kenny v Bacolo*, 61 NY2d 642; *Raquet v Braun*, 90 NY2d 177; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599; *Oceanic Steam Nav. Co. [Ltd.] v Compania Transatlantica Espanola*, 134 NY 461.) IV. The exclusive remedy provisions of the Workers' Compensation Law protecting Roberta Oldenborg preclude any derivative claims based upon her negligence.

*Ahmuty, Demers & McManus*, Albertson (*Glenn A. Kaminska* and *Nicholas M. Cardascia* of counsel), for third-party respondents. I. The Workers' Compensation Law does not prohibit a third-party action against the owner of a vehicle who was neither plaintiff's employer nor coemployee. (*Matter of Shutter v Philips Display Components Co.*, 90 NY2d 703; *Fleming v Graham*, 10 NY3d 296; *Matter of Orens v Novello*, 99 NY2d 180; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Harris v Commissioner of Internal Revenue*, 178 F2d 861.) II. The district court properly relied upon the rationale in the *Clamp v Estate of Hales* (10 Misc 3d 988 [Sup Ct, Greene County 2005]) case in denying Michael W. Koubek's motion to dismiss the third-party complaint. (*Raquet v Braun*, 90 NY2d 177; *Rauch v Jones*, 4 NY2d 592; *Naso v Lafata*, 4 NY2d 585; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465; *Rose v Gelco Corp.*, 261 AD2d 381; *Rodriguez v Lodato Rental*, 267 AD2d 293; *Szumowski v PV Holding Corp.*, 90 AD3d 415; *Allen v*

*Blum*, 232 AD2d 591; *Black v Consolidated Freightways Corp. of Del.*, 219 F Supp 2d 243; *Kenny v Bacolo*, 61 NY2d 642.)

## OPINION OF THE COURT

GRAFFEO, J.

In this case arising from an automobile accident, the United States Court of Appeals for the Second Circuit asks us to determine the interplay between Workers' Compensation Law § 29 (6), which makes workers' compensation benefits the exclusive remedy of an employee injured by the negligence of a coemployee, and Vehicle and Traffic Law § 388, which renders a vehicle owner vicariously liable for injuries resulting from the negligent permissive use of a vehicle.

In November 2007, Roberta Oldenborg was driving her coemployee, plaintiff Matthew Isabella, back from a business meeting in an automobile owned by her husband, third-party defendant Michael Koubek. She collided with a vehicle driven by defendant/third-party plaintiff Doris Hallock and owned by her husband Peter (the Hallocks). Isabella sustained injuries in the accident but was precluded by section 29 (6) of the Workers' Compensation Law from bringing an action against Oldenborg since she was his coworker. Instead, Isabella received workers' compensation benefits secured by his and Oldenborg's mutual employer.

Isabella and his wife, suing derivatively, later commenced this personal injury action against the Hallocks in federal court based on diversity of citizenship. Isabella alleged that he sustained a serious injury within the meaning of the No-Fault Law and that Doris Hallock's negligent operation of her vehicle caused his injuries. The Hallocks responded by filing a third-party complaint against Koubek seeking contribution and indemnification, asserting that the accident resulted from Oldenborg's negligence and that Koubek—as the vehicle owner—was vicariously responsible under Vehicle and Traffic Law § 388. Koubek moved for summary judgment dismissing the third-party complaint, contending that his wife's statutory immunity stemming from the Workers' Compensation Law shielded him from the Hallocks' vicarious liability claim.

The United States District Court for the Northern District of New York denied Koubek's motion, allowing the third-party claim to proceed. Thereafter, the parties entered into a settlement agreement under which Isabella would receive $800,000, plus interest, with a jury to apportion liability between the

Hallocks and Koubek. The parties further agreed that, should the Second Circuit reverse and grant Koubek summary judgment on appeal, the Hallocks would be responsible for the entire $800,000 award. A jury found the Hallocks 10% liable and Koubek 90% liable (based on the negligence of his wife). Koubek appealed.

Recognizing that it was presented with a novel issue of state statutory law, the Second Circuit has certified the following question to us:

> "Whether a defendant may pursue a third-party contribution claim under New York Vehicle and Traffic Law § 388 against the owner of a vehicle, where the vehicle driver's negligence was a substantial factor in causing the plaintiff's injuries, but the driver is protected from suit by the exclusive remedy provisions of New York Workers' Compensation Law § 29(6)?" (733 F3d 384, 392 [2d Cir 2013]).

We answer this question in the negative—a defendant in the Hallocks' position may not pursue a third-party contribution claim against the vehicle owner.

Because this case involves the intersection of the workers' compensation statutory scheme and Vehicle and Traffic Law § 388, analysis begins with a review of the relevant provisions. Section 29 (6) of the Workers' Compensation Law provides in pertinent part as follows:

> "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ . . . . The limitation of liability of an employer set forth in section eleven of this article for the injury or death of an employee shall be applicable to another in the same employ."

Section 11 of the Workers' Compensation Law, which is expressly incorporated into section 29 (6), further states:

> "The liability of an employer prescribed by [section 10] shall be exclusive and in place of any other liability whatsoever, to such employee . . . or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom . . .

"An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury.' "[1]

Read together, these statutes render workers' compensation benefits the exclusive remedy of an injured employee, thereby barring the employee from recovering against a negligent coemployee or employer.[2] These statutes further preclude third parties from seeking contribution or indemnification from the co-employee or employer unless the employee sustained a qualifying grave injury as defined by the statute.[3]

Finally, section 388 (1) of the Vehicle and Traffic Law provides in relevant part:

"Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

Koubek argues that the certified question should be answered in the negative. Observing that the Hallocks' third-party complaint is predicated on any claim Isabella would have against Oldenborg, which is concededly prohibited by the Workers' Compensation Law, Koubek contends that the deliberate prescriptions set forth in the Workers' Compensation Law would be upset if he was to be held vicariously liable for the negligence of the immunized driver. He also asserts that allowing the Hallocks to recover from him would not further the purpose of Vehicle and Traffic Law § 388, which was designed to allow injured persons to receive compensation from a financially responsible

---

1.  The language in section 11 barring third-party claims against the employer absent a "grave injury" was added by the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635, § 2).

2.  Of course, "the workers' compensation remedy is generally not exclusive if the employee is injured by a third person" (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 357 [2007]). Hence, Isabella was authorized to bring a negligence action against the Hallocks.

3.  There is no allegation that Isabella sustained a grave injury within the meaning of Workers' Compensation Law § 11.

party. In essence, he claims that the exclusivity provisions of the Workers' Compensation Law trump Vehicle and Traffic Law § 388 under the circumstances of this case. The Hallocks respond that nothing in the Workers' Compensation Law bars their third-party contribution claim, particularly where Koubek had no employment relationship with any of the parties in this case. They submit that it would be unfair to hold them 100% responsible for the agreed-upon $800,000 recovery since the jury found them to be only 10% liable for the accident.

We previously addressed the friction between Workers' Compensation Law § 29 (6) and Vehicle and Traffic Law § 388 in a pair of 1958 cases that, contrary to the Hallocks' suggestion, remain applicable law. In *Rauch v Jones* (4 NY2d 592 [1958]), a passenger in a vehicle driven by his coemployee in the course of employment sustained injuries in a car accident. The passenger could not sue the coemployee driver under the bar set forth in Workers' Compensation Law § 29 (6), but nevertheless sought to bring an action against the vehicle owner pursuant to former Vehicle and Traffic Law § 59[4] to recover for the negligence of the driver, emphasizing that the owner was not an employer or fellow employee and, therefore, fell outside the exclusivity provision of the Workers' Compensation Law. After reviewing the relevant statutes, we rejected the passenger's argument. Examining the Vehicle and Traffic Law first, we observed that the vicarious liability provision was intended to create a remedy where no right to relief existed and determined that, because the Workers' Compensation Law already provided the passenger with redress, derivative liability should not attach. In holding section 59 of the former Vehicle and Traffic Law inapplicable, we also highlighted that the passenger was not seeking to hold the owner liable as a "wrongdoer" (*id.* at 596). Turning to the Workers' Compensation Law, we concluded that section 29 (6) "clear[ed] all doubts away" because that provision evinced an "unmistakable intention" to make workers' compensation benefits the passenger's sole remedy. We explained that "[t]he statute, having deprived the injured employee of a right to maintain an action against a negligent coemployee, bars a derivative action which necessarily is dependent upon the same claim of negligence for which the exclusive remedy has been provided" (*id.*).

---

4. Former Vehicle and Traffic Law § 59 was the predecessor to Vehicle and Traffic Law § 388 and contained the same operative language.

We reached the same conclusion in *Naso v Lafata* (4 NY2d 585 [1958]), where we held that section 29 (6) of the Workers' Compensation Law prevented an injured passenger from suing the vehicle owner under the Vehicle and Traffic Law where, at the time of the accident, the automobile was operated by a co-employee of the passenger during the course of their employment. In dismissing the vicarious liability claim, we relied on *Rauch* and further reasoned that, were we to allow the injured passenger to recover from the vehicle owner under the Vehicle and Traffic Law, it would be unfair not to permit the owner to obtain recoupment from the tortfeasor driver, yet allowing such a claim would thwart the purpose of section 29 (6)'s exclusivity provision and ultimately pin liability on the immunized driver (*see id.* at 590-591).

As the Hallocks point out, *Rauch* and *Naso* are not directly on point because they involved actions brought by injured employees against vehicle owners, not third-party contribution claims. But we extended the reach of *Rauch* and *Naso* to third-party claims in an analogous context in *Kenny v Bacolo* (61 NY2d 642 [1983]). There, the plaintiff sustained injuries in an automobile accident and sued the defendant, the driver of a separate vehicle who was partially responsible for the injuries. The defendant, in turn, brought third-party contribution claims against the driver of the vehicle in which plaintiff was a passenger (who was also a coemployee of the plaintiff) as well as the vehicle owner. We dismissed the third-party claim against the driver, reasoning that he was immune from liability under the Federal Longshoremen's and Harbor Workers' Compensation Act. Significantly, we further dismissed the third-party contribution claim seeking to hold the vehicle owner vicariously liable for the driver's negligence. Citing *Rauch* and *Naso*, we held that because the driver "[wa]s statutorily immune from suit, there can be no liability imputed to [the owner] and no action can be sustained against it" (*id.* at 645).

We do not perceive any meaningful distinction between *Kenny* and the case before us. The only difference is that *Kenny* involved the exclusivity provisions found in the Federal Longshoremen's and Harbor Workers' Compensation Act. But the relevant portions of the federal act are comparable to sections 11 and 29 (6) of the Workers' Compensation Law (*see* 33 USC §§ 905 [a] ["The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee"]; 933 [i] ["The right

to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured . . . by the negligence or wrong of any other person or persons in the same employ"]).[5] Consequently, we find *Kenny* to be controlling in Koubek's favor.

Nevertheless, the Hallocks ask us to adopt the rationale in *Clamp v Estate of Hales* (10 Misc 3d 988 [Sup Ct, Greene County 2005]), where, in circumstances analogous to those presented here, the court permitted a third-party contribution claim to proceed against the vehicle owner grounded in Vehicle and Traffic Law § 388. But the trial court in *Clamp* did not discuss or distinguish our decisions in *Rauch*, *Naso* or *Kenny*. Instead, the court relied on *Raquet v Braun* (90 NY2d 177 [1997]) for the proposition that "a defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule" (*Clamp*, 10 Misc 3d at 991, quoting *Raquet*, 90 NY2d at 182). *Clamp*'s reliance on this language was misplaced, however, because the third-party defendants from whom contribution was sought in *Raquet* were themselves culpable wrongdoers. Here, in contrast, the vehicle owner's liability is purely vicarious under Vehicle and Traffic Law § 388. We therefore conclude that *Clamp* should not be followed.

The Hallocks also rely on our decision in *Tikhonova v Ford Motor Co.* (4 NY3d 621 [2005]), where we allowed a lawsuit by an injured passenger to proceed under Vehicle and Traffic Law § 388 against the vehicle owner even though the driver of the vehicle, a foreign diplomat, was immune from liability under the Federal Diplomatic Relations Act. As the Hallocks note, we rejected the owner's contention that a driver's immunity automatically bars a derivative action against an owner under the Vehicle and Traffic Law. But in allowing the section 388 action to proceed against the owner there, we expressly distinguished *Rauch* and *Naso*, observing that the Diplomatic Relations Act did not contain statutory language comparable to the exclusive remedy provisions in sections 11 and 29 (6) of the Workers' Compensation Law (or the federal compensation act at issue in *Kenny*). Because the present case, like *Rauch*, *Naso* and

---

**5.** The language quoted from these federal provisions was the same when we decided *Kenny* in 1983. The federal act is now referred to as the Longshore and Harbor Workers' Compensation Act.

*Kenny*, implicates exclusivity provisions absent in *Tikhonova*, that case does not compel an affirmative response to the certified question.

Lastly, the Hallocks present the sympathetic contention that it is unfair to saddle them with 100% of the $800,000 liability to Isabella when the jury found that Doris was only 10% at fault. But Oldenborg, the person who was 90% responsible for the collision, is statutorily immune and her employer bore the financial responsibility of providing Isabella with workers' compensation coverage. Moreover, the Hallocks' appeal to equity presupposes that Vehicle and Traffic Law § 388 was designed to allow third-party contribution claims against vicariously liable vehicle owners. As we have repeatedly stated, however, section 388 was intended to "ensure access by *injured persons* to a financially responsible party against whom to recover for injuries" (*Hassan v Montuori*, 99 NY2d 348, 353 [2003] [internal quotation marks and brackets omitted and emphasis added], quoting *Morris v Snappy Car Rental*, 84 NY2d 21, 27 [1994]; *cf. Mowczan v Bacon*, 92 NY2d 281, 284 [1998]).[6] At its root, the Hallocks' burden is a consequence of joint and several liability, which has long been a feature of New York law.[7] It is perhaps debatable whether it would be any fairer to require a vehicle owner with no personal fault to pay 90% of the sum where that owner is unable to seek redress from the principal tortfeasor (and in some cases there may be no familial relationship) absent a grave injury.

In sum, we hold that a defendant may not pursue a third-party contribution claim under Vehicle and Traffic Law § 388 against a vehicle owner where the driver's negligence was a cause of the plaintiff's injuries, but the driver is insulated from a lawsuit under Workers' Compensation Law § 29 (6).

Accordingly, the certified question should be answered in the negative.

Chief Judge LIPPMAN and Judges READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court's

---

**6.** Isabella was the only person to seek recovery for injuries sustained in the accident and he is prohibited from bringing a Vehicle and Traffic Law § 388 claim against Koubek as the vehicle owner by our decisions in *Rauch* and *Naso*.

**7.** Joint and several liability arising out of motor vehicle accidents generally remains unaffected by CPLR article 16 (*see* CPLR 1602 [6]).

Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the negative.