# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**259**
**CA 13-01535**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

MICHELLE T. HAUBER-MALOTA, PLAINTIFF-RESPONDENT,

V                                             OPINION AND ORDER

PHILADELPHIA INSURANCE COMPANIES, TOKIO MARINE
GROUP AND PHILADELPHIA CONSOLIDATED HOLDING CORP.,
DEFENDANTS-APPELLANTS.

---

DAMON MOREY LLP, BUFFALO (VINCENT G. SACCOMANDO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

SHAW & SHAW, P.C., HAMBURG (JACOB A. PIORKOWSKI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered May 23, 2013. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Opinion by CARNI, J.:

On May 4, 2006, plaintiff was a passenger in a vehicle operated by her coemployee, Brenda Wilcox, and owned by their common employer, Joan A. Male Family Support Center (JMFSC), when the vehicle was rear-ended by another vehicle operated by Cathlyn M. Haggerty, and owned by Michael Haggerty. Cathlyn Haggerty was also employed by JMFSC, and there is no dispute that she, plaintiff and Wilcox, although in two different vehicles, were all within the course of their employment at the time of the accident. Plaintiff commenced a personal injury action against the Haggertys, but that action was dismissed on the ground, inter alia, that plaintiff's remedy against her coemployee was limited to the recovery of workers' compensation benefits (*see* Workers' Compensation Law § 29 [6]). In that action, the exclusivity provisions of the Workers' Compensation Law also barred plaintiff's derivative claim against Michael Haggerty as the owner of the other vehicle under Vehicle and Traffic Law § 388 (*see Naso v Lafata*, 4 NY2d 585, 589-591, *rearg denied* 5 NY2d 861; *Rauch v Jones*, 4 NY2d 592, 596; *see also Isabella v Hallock*, 22 NY3d 788, 794).

Plaintiff subsequently commenced this action seeking supplementary uninsured/underinsured motorist (SUM) benefits from defendants as insurers of the vehicle owned by her employer, JMFSC. Defendants moved

for summary judgment seeking dismissal of the complaint on the ground, inter alia, that plaintiff's exclusive remedy was the recovery of workers' compensation benefits. Supreme Court denied the motion on the ground, inter alia, that the Workers' Compensation Law was not a bar to plaintiff's recovery of SUM benefits under the automobile liability insurance policy issued to her employer, JMFSC. We agree with defendants that the court erred in denying the motion on that ground.

Thus, in what is a matter of first impression in this State, we are presented with the following question:

> Whether an employee, injured in a motor vehicle accident while in the course of her employment, who is barred by the exclusive remedy provisions in the Workers' Compensation Law from suing a coemployee based on negligence, is entitled to SUM benefits under her employer's automobile liability insurance policy?

We first observe that plaintiff correctly contends that the exclusive remedy provision in Workers' Compensation Law § 29 (6) does not bar all actions by injured employees against an employer's insurer for SUM benefits. Although workers' compensation benefits generally are "exclusive and in place of any other liability whatsoever" (§ 11), the statute "cannot be read to bar all suits to enforce contractual liabilities" (*Matter of Elrac, Inc. v Exum*, 18 NY3d 325, 328). Because an action to recover uninsured motorist benefits "is predicated on [the] insurer's contractual obligation to assume the risk of loss associated with an uninsured motorist" (*Matter of Shutter v Philips Display Components Co.*, 90 NY2d 703, 709), the Workers' Compensation Law does not categorically bar such an action against an employer's insurer (*see generally Elrac, Inc.*, 18 NY3d at 328). However, the critical distinction in this case is that the motor vehicle accident involved vehicles operated by coemployees.

Under every policy of automobile liability insurance issued or delivered in this State, an insurer must pay an insured person uninsured motorist benefits in the amount that he or she "*shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle*" (Insurance Law § 3420 [f] [1] [emphasis added]). As is the case here, every such policy shall, at the option of the insured, also provide SUM coverage, in varying policy limits not relevant to our analysis (*see* § 3420 [f] [2] [A]). Insurance Department Regulation No. 35-D, "implements" section 3420 (f) (2) of the Insurance Law (11 NYCRR 60-2.0 [a]), and it "establish[es] a standard form for SUM coverage [i.e., the prescribed SUM endorsement], in order to eliminate ambiguity, minimize confusion and maximize its utility" (11 NYCRR 60-2.0 [c]; *see* 11 NYCRR 60-2.3 [f]). Pursuant to 11 NYCRR 60-2.3 (f), the SUM endorsement to the policy issued by defendants to plaintiff's employer in this case required payment of "all sums that the insured . . . shall be *legally entitled to recover* as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured" (emphasis added). Defendants' contractual liability to provide SUM benefits is therefore "premised in part upon the contingency of a third party's tort liability" (*Commissioners*

*of State Ins. Fund v Miller*, 4 AD2d 481, 482).

Thus, plaintiff may receive SUM benefits under the policy only if she is "legally entitled to recover damages" from the owner or operator (11 NYCRR 60-2.3 [f]). The prescribed SUM endorsement language at issue is plain and unambiguous. Indeed, as noted above, the standard form for SUM coverage was promulgated in order to "eliminate ambiguity, minimize confusion and maximize its utility" (11 NYCRR 60-2.0 [c]; *see also Raffellini v State Farm Mut. Auto. Ins. Co.*, 9 NY3d 196, 200-201). In interpreting that language, we are guided by decisions of other jurisdictions applying similar SUM endorsement language and the exclusivity provisions of the Workers' Compensation Law to actions in which an employee seeks uninsured motorist benefits for injuries sustained in accidents with coemployees. In the overwhelming majority of those decisions, all interpreting similar "legally entitled to recover damages" policy language, the courts have concluded that, because of workers' compensation exclusive remedy provisions, a plaintiff is not entitled to uninsured motorist benefits (*see e.g. State Farm Mut. Auto. Ins. Co. v Slusher*, 325 SW3d 318, 323 [Ky]; *Ex parte Carlton*, 867 So2d 332, 338 [Ala]; *Kough v New Jersey Auto. Full Ins. Underwriting Assn.*, 237 NJ Super 460, 469, *cert denied* 121 NJ 638; *Allstate Ins. Co. v Boynton*, 486 So2d 552, 558-559 [Fla]; *see also* John P. Ludington, Annotation, *Automobile Uninsured Motorist Coverage: "Legally Entitled to Recover" Clause as Barring Claim Compensable Under Workers' Compensation Statute*, 82 ALR 4th 1096, § 6 [a]).

Here, pursuant to the plain language of the SUM endorsement, plaintiff is not "legally entitled to recover damages" from the owner and operator of the offending vehicle because of the status of the operator, Cathlyn Haggerty, as plaintiff's coemployee (*see* Workers' Compensation Law § 29 [6]; *Naso*, 4 NY2d at 589). Accordingly, we conclude that plaintiff is not entitled to recover SUM benefits under the policy, and that the order should be reversed, the motion should be granted, and the complaint should be dismissed.

In light of the foregoing, we need not address defendants' contention that the Haggerty vehicle was not an "uninsured motor vehicle" under the circumstances.

Entered: August 8, 2014                    Frances E. Cafarell
                                           Clerk of the Court