

IN THE

# Court of Appeals of Indiana

Marco Antono Perez, II,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Apr 13 2026, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

April 13, 2026

Court of Appeals Case No.
25A-CR-2377

Appeal from the Vermillion Circuit Court

The Honorable Chris A. Wrede, Judge

Trial Court Cause No.
83C01-2304-F3-2

**Opinion by Chief Judge Tavitas**
Judges Weissmann and Foley concur.

**Tavitas, Chief Judge.**

## Case Summary

[1] Marco Antono Perez, II, pleaded guilty to possession of a narcotic drug, a Level 5 felony, and resisting law enforcement, a Level 6 felony. The trial court sentenced Perez to an aggregate sentence of four years suspended to probation. Perez violated the terms of his probation by failing to appear for two scheduled probation appointments. The trial court revoked Perez's probation and ordered him to serve the entirety of his previously suspended sentence. Perez appeals and argues that the trial court abused its discretion by imposing the entirety of his previously suspended sentence because the circumstances did not warrant the sanction imposed. We agree with Perez and, accordingly, reverse and remand with instructions.

## Issue

[2] Perez raises one issue, which we restate as whether the trial court abused its discretion by ordering Perez to serve the entirety of his previously suspended sentence based on two technical violations.

## Facts

[3] On June 14, 2023, Perez entered into a plea agreement with the State pursuant to which he pleaded guilty to possession of a narcotic drug, a Level 5 felony,

and resisting law enforcement, a Level 6 felony. In exchange, the State agreed to dismiss the remaining counts.[1]

[4] On March 13, 2024, the trial court accepted the plea agreement and sentenced Perez to an aggregate term of four years, with 1,460 days suspended to probation. Prior to sentencing, Perez served 105 actual days of incarceration, for which the trial court awarded 105 actual days and thirty-five days of good-time credit, for a total of 140 days of credit time. Accordingly, 1,320 days remained suspended to probation. Perez's conditions of probation included that he refrain from committing new criminal offenses, report to the Probation Department as directed, and refrain from consuming alcohol or controlled substances. As a special condition of probation, Perez was "required to attend, cooperate, and complete a drug and alcohol treatment program at [his] own expense as approved by the Probation Officer." Appellant's App. Vol. II p. 46.

[5] Perez voluntarily enrolled in an approved program named "Oxford House," which is a sober living program. Tr. Vol. II p. 10. Perez successfully finished the program without any violations. Perez passed all drug screens administered by the Vermillion County Probation Department and was on probation for 498 days without incident.

---

[1] The dismissed counts were: Count I, dealing in a narcotic drug, a Level 3 felony; Count IV, possession of marijuana, a Class B misdemeanor; Count V, possession of a controlled substance, a Class A misdemeanor; and Count VI, reckless driving, a Class C misdemeanor.

[6] In July 2025, probation officer David Robinson scheduled two appointments for July 11, 2025, and July 16, 2025, for Perez. The appointments were scheduled "to transfer [Perez's] supervision to Illinois," where Perez resided. Appellant's App. Vol. II p. 50. Robinson spoke with Perez by phone on two occasions to schedule the appointments.[2] Perez, however, failed to appear for both appointments. On July 23, 2025, the Vermillion County Probation Department filed a verified petition to revoke Perez's probation.

[7] On September 3, 2025, the trial court held a hearing on the petition, and Perez admitted to violating his probation as alleged. Perez testified that he missed the two appointments because he was attending medical appointments related to the imminent birth of his child and caring for two other children. Perez accepted responsibility for missing the appointments, stated that he had called to reschedule, and requested that the trial court return him to probation. Alexandra Cardenas, Perez's partner, testified that she and Perez had been in a relationship for five years and that she relied on Perez financially and for assistance caring for their children. The State noted that Perez had been respectful throughout the proceedings and deserved "some credit" for accepting responsibility. Tr. Vol. II p. 14.

---

[2] It is unclear from the record who initiated the phone conversations, under what circumstances they occurred, or when they occurred.

The trial court revoked Perez's probation and ordered him to serve the entirety of his previously suspended sentence in the Department of Correction.[3] The trial court noted Perez's history of probation violations as a juvenile,[4] the benefit he received under the plea agreement, including the dismissal of a charge of dealing in cocaine, a Level 3 felony, and that Perez had been given an opportunity to appear prior to the filing of the petition but failed to do so. Perez now appeals.

## Discussion and Decision

Perez argues that the trial court abused its discretion by ordering him to serve the entirety of his previously suspended sentence. We acknowledge that "'[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). "It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated." *Id.* "In appeals from trial court probation violation determinations and sanctions, we review for abuse of

---

[3] Perez argues that "the trial court found the appropriate sanction for this violation was to have Perez miss the birth and first three and one-half years of the child's life by being in the Department of Correction." Appellant's Br. p. 8. This statement materially mischaracterizes the trial court's findings and judgment. The trial court made no finding that requiring Perez to miss the birth or early years of his child's life was the appropriate sanction. Rather, those consequences merely flow from the sanction imposed. The distinction is critical, and counsel's argument improperly conflates the effects of the sanction with the trial court's reasoning. We remind counsel of the duty of candor to the tribunal and that misstatements of the record may warrant corrective action.

[4] Perez's juvenile history, including prior probation violations, occurred in 2013 and 2014.

discretion." *Id.* "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances . . . or when the trial court misinterprets the law." *Id.* "We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses." *Holmes v. State*, 923 N.E.2d 479, 483 (Ind. Ct. App. 2010) (quoting *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009)).

[10] "Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Heaton*, 984 N.E.2d at 616 (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). "Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id.*

> [If the trial court] finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may . . . [o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h)(3).

[11] "[E]ven a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Woods*, 892 N.E.2d at 640. That said, the trial court is not obliged to balance aggravating and mitigating factors when deciding whether to revoke probation and when imposing a sentence. *Porter v. State*, 117

N.E.3d 673, 675 (Ind. Ct. App. 2018). Moreover, it is well settled that a single violation of a condition of probation is sufficient to permit the trial court to revoke probation. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[12] Perez admitted that he violated the terms of his probation by failing to appear for two appointments with his probation officer. Perez, however, argues that he missed the probation appointments because he was attending medical appointments related to the imminent birth of his child and caring for two other children. Given the "technical nature" of the violations, Perez contends that the trial court abused its discretion by ordering him to serve the entirety of his previously suspended sentence. Appellant's Br. p. 12. We agree with Perez that the trial court abused its discretion under these circumstances.

[13] In *Brown v. State*, this Court explained that "[w]hile it is correct that probation may be revoked on evidence of violation of a single condition, the selection of an appropriate sanction will depend upon the severity of the defendant's probation violation . . . . Given that the remaining . . . violations are technical in nature, the trial court, in its discretion, may decide to continue the probationer on probation without modification. In any event, such determination is better exercised by the trial court [on remand]." 162 N.E.3d 1179, 1184 (Ind. Ct. App. 2021) (quoting *Heaton*, 984 N.E.2d at 618 (citation omitted)).

[14] Similarly, in *Johnson v. State*, the defendant committed several technical violations, including traveling to unauthorized locations, sitting outside his

residence while on community corrections, arriving at an approved destination earlier than permitted, and moving his GPS monitoring device within his residence. 62 N.E.3d 1224 (Ind. Ct. App. 2016). The trial court ordered the defendant to serve the entirety of his previously suspended sentence based on those violations. This Court held that the trial court abused its discretion in ordering the sanction of revoking the entirety of his probation and reversed and remanded with instructions.

[15] Here, Perez failed to appear for the first appointment because he was accompanying his partner to a medical appointment related to the imminent birth of his child. Perez contacted the probation officer to reschedule and was given a second opportunity to report. Perez then failed to appear for the second appointment because he was caring for two other children. During this period, the probation officer testified that Perez maintained communication with his probation officer. Perez did not commit any new criminal offenses or violate other conditions of his probation, and he passed all drug and alcohol screens. Prior to the violations, Perez voluntarily enrolled in and successfully completed a sober living program without incident. After the State filed the petition to revoke probation, Perez did not prolong the proceedings; he admitted the violations and accepted responsibility. Importantly, the State also acknowledged at the hearing that Perez deserved "some credit" for doing so. Tr. Vol. II p. 14.

[16] Moreover, the trial court did not account for the remoteness of Perez's prior probation violations, which occurred more than ten years earlier when Perez

was a juvenile. The record also indicates that Perez had distanced himself from the circumstances and associations that led to his prior offenses by relocating to Illinois and focusing on supporting and raising his family.

[17] Our courts have long recognized the importance of individualized assessments in determining appropriate sanctions in both sentencing and probation revocation contexts. *See Woods*, 892 N.E.2d at 641 (noting that automatic revocation "no matter the reason is constitutionally suspect"); *Heaton*, 984 N.E.2d at 618 (explaining that the appropriate sanction depends upon the severity of the violation). We acknowledge that, even in the case of "technical" violations, the trial court has the discretion to determine the appropriate sanction based upon the seriousness of the offense.

[18] Here, though, given the less serious nature of the violations, the lack of additional misconduct, Perez's acceptance of responsibility, and the State's acknowledgment that the trial court should give Perez "some credit," we conclude that the trial court abused its discretion by ordering Perez to serve the entirety of his previously suspended sentence. Tr. Vol. II p. 14. Lesser sanctions were available that would have allowed Perez to continue working and supporting his family and may have been more appropriate within the range of sanctions available to the trial court. We, therefore, reverse and remand for the trial court to determine an appropriate sanction consistent with this opinion, including consideration of alternatives that would permit Perez to maintain employment while serving his sentence.

## Conclusion

The trial court abused its discretion by ordering Perez to serve the entirety of his previously suspended sentence. We, therefore, reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Weissmann, J. and Foley, J., concur.

ATTORNEY FOR APPELLANT

Aaron J. Spolarich
Bennett Boehning & Clary LLP
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Theordore E. Rokita
Attorney General of Indiana

Courtney Staton
Supervising Deputy Attorney General
Indianapolis, Indiana